# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW-JERSEY.

## APRIL TERM, 1834.

---

## RICHARD KINNA v. PATRICK SMITH.

A mortgage before foreclosure, is considered in equity as a chattel interest, and goes to the executor.

It may indeed be said, technically speaking, that the fee in the mortgaged premises descends to the heir at law; but he is a bare trustee for the personal representatives, and as a general rule he need not be a party to a bill filed by the executor for the foreclosure and sale of mortgaged premises.

The assignment of a mortgage, not being by deed, though it may not pass the legal estate, is nevertheless sufficient to transfer to the assignee all the equitable and beneficial interest in the mortgage, including the right to come into equity for relief.

It does not invalidate an assignment, that the subscribing witness to the assignment saw no money paid by way of consideration. If the assignment purports to be for value received, that is, *prima facie*, sufficient.

The lapse of twelve years between the last payment on a bond and the commencement of a suit for its recovery, is not such a length of time as to justify the appellation of a *stale demand*.

The declarations of a mortgagee, or his executrix, made after parting with all interest in the mortgage, cannot affect the rights of the assignee.

Where the answer is directly responsive to the bill, and the defendant answers from his own knowledge, the answer must prevail unless overcome by the tes-

[Kinna v. Smith.]

timony of two witnesses, or by the testimony of one witness attested by strong corroborating circumstances equal to that of another.

BILL for foreclosure, filed April 2d, 1824. The bill states, that the mortgage sought to be foreclosed, bears date on the 2d day of December, 1807, and was executed by John McIntire and wife and Patrick Smith, to Theodore Rouze, to secure the payment of two bonds of even date, given by the said McIntire and Smith to the said Theodore Rouze, each in the penal sum of sixteen hundred and sixty-six dollars and sixty-six cents, conditioned for the payment of eight hundred and thirty-three dollars and thirty-three cents, on the first day of December, 1809. The mortgage was acknowledged on the 6th day of May, and recorded on the 16th day of May, 1808. Theodore Rouze, the mortgagee, died in October, 1813, having executed his will, and appointed his wife, Mary Rouze, executrix thereof, to whom probate was granted; and who, on the 20th day of March, 1815, for valuable consideration, assigned the said bonds and mortgage to the complainant.

The answer of Patrick Smith admits the execution of the bonds and mortgage, but denies that they were assigned to the complainant, and insists that the bonds have been paid and satisfied. A decree pro confesso was taken against the other defendants.

The cause was heard upon the pleadings and proofs.

*Wall*, for complainant.

*L. H. Stockton*, for defendant, Patrick Smith.

THE CHANCELLOR. The complainant is the assignee of a bond and mortgage given by Patrick Smith and John McIntire and wife to Theodore Rouze, on the 2d day of December, 1807, to secure the payment of eight hundred and thirty-three dollars and thirty-three cents. In 1813, Rouze, the mortgagee, died, leaving a last will and testament, which was duly proved by Mary Rouze, the executrix therein named. On the 20th March, 1815, the executrix assigned the bond and mortgage to the

complainant, who now seeks to foreclose the equity of redemp-
tion in the mortgaged premises, and sell them for the payment of
the debt, or the balance that remains due.

The complainant is entitled to a decree in the usual form, ac-
cording to the practice of the court, unless some of the objections
interposed by the defendant, Patrick Smith, (the only one who
has appeared to make defence,) shall be sufficient to defeat the
claim, either upon the merits, or the manner in which it is now
presented to the court.

And first, it is objected to the assignment of the mortgage, that
it is improperly made by the executrix : that as executrix, her
power extended to the personalty only, and the estate at law in
the mortgaged premises having descended to the heir, he should
have made the assignment.

This position cannot be sustained. There is no principle bet-
ter settled at this day, than that a mortgage interest before fore-
closure is considered, in a court of chancery, as a chattel inte-
rest. It is personal assets, and goes to the executor. This was
noted by lord keeper Finch, as early as the 28th of Cas. II., in
*Thornbrough* v. *Baker*, and has been held as good law from
that day to this : *Fisk* v. *Fisk, Prec. in Ch.* 11 ; *Tabor* v.
*Grover,* 2 *Vern.* 367 ; *Casborne* v. *Scarfe and al.,* 1 *Atk.* 605.
It may indeed be said, technically speaking, that the fee descends
to the heir at law, but he is a bare trustee for the personal repre-
sentative. And as a general rule, he need not be a party to a
bill filed by the executor for the foreclosure and sale of mortgaged
premises. This is a proceeding on the part of the personal rep-
resentative for the recovery of the debt, and the premises which
are pledged for the payment of the debt are under his control, so
far as to make the money : *Demarest* v. *Wynkoop,* 3 *John. C.
R.* 145 ; 4 *Kent's Com.* 178. Even when the heir of the mort-
gagee had foreclosed the mortgage, the executor of the mortga-
gee being no party, upon a bill by the executor against the heir
of the mortgagee and against the mortgagor, the land was de-
creed to the executor : *Gobe and ux.* v. *Earl of Carlisle,* cited
in *Clerkson* v. *Bowyer,* 2 *Vern.* 66. There are some English

cases which appear to hold the principle that the heir is a neces : sary party to a bill of foreclosure filed by the executor. One of them is the late case of *Scott* v. *Nicoll*, 3 *Russ.* 476 ; but the reason assigned for it, viz. that if the mortgagor should redeem, there will be no one before the court from whom a conveyance of. the legal estate can be taken, shows that it is applicable only to cases of strict foreclosure, and not to cases of foreclosure and sale, as they arise under our laws and practice.

2. The second objection is, that the assignment is not by deed, and therefore the legal estate did not pass by it.

It has been seen that the strict legal estate was not in the ex ecutrix ; and yet there can be no question, that she might have filed her bill to foreclose and sell the mortgaged lands. The assignment, although it might not pass the legal estate, not being by deed, was nevertheless sufficient to transfer to the assignee all the equitable and beneficial interest, and this includes the right to come into this court for relief. The cases cited from 5 *Halsted's R.* 156, *Den* v. *Dimon*, in which it was held that the assignment of the mortgage must be by deed, does not impugn this doctrine. That was an ejectment case, and the lessor of the plaintiff, holding under assignment from the mortgagor, sought to recover upon the strength of his legal title ; and the court, very properly, decided that the legal title was not in him.

3. The third objection is, that the weight of evidence shows that the assignment was never made.

The assignment is in the following words :—" March 20, 1815, for value received, I do hereby assign to Richard Kinna, all my right and title, interest, claims and demands of the within mortgage ; as witness my hand and seal, this twentieth day of March, one thousand eight hundred and fifteen, 1815. Mary Rouze, executrix. Witness present, David Remer." The execution of the assignment is proved by the subscribing witness, in the usual form, and I see no good reason to discredit his evidence. It does not invalidate the assignment, that the witness saw no money paid by way of consideration. It purports to be for value received ; and that is sufficient, prima facie. The circumstances of

3

[Kinna v. Smith.]

the case may be of such a character, as to show that there was no consideration, or it may be proved by direct evidence. In this case I find nothing to lead to such a conclusion.

4. It is alleged that circumstances show there is nothing due on the mortgage, and therefore the complainant ought not to recover.

One circumstance referred to is, that this is a stale transaction. The mortgage has certainly been suffered to lie longer than is usual, but not so long as to justify the appellation of a stale demand. It was dated in 1807; the last payment on it was in 1812. It was assigned in 1815, and in 1824 the suit was brought. That it should have slept so long after the answer put in, is rather an unusual occurrence. What reason existed for the delay, is not known to the court. The defendant appeared to find no fault with it; and I do not find in it, or in the forbearance exercised towards the defendants before suit brought, any thing to raise a well founded belief that the debt has been paid.

There is nothing in the case to bring it within the equity of the statute of limitation. From the time of the last payment to the commencement of the suit is but twelve years; and if the suit were in a court of law, upon the bond, the statute of limitation would not affect it.

Another circumstance adduced to show that nothing is due on the mortgage, as the defendant contends, is, that the executrix of Theodore Rouze, the mortgagee, acknowledged that she was fully satisfied, and directed the mortgage to be cancelled. A paper writing of the following tenor, has been proved and read in evidence :—" Sir, Please to cancel, and then deliver to Mr. Patrick Smith, a mortgage which he and John McIntire gave to my former husband, Theodore Rouze, as I am fully satisfied for the same. (Signed) Mary Crawford, late Mary Rouze, acting executrix to the estate of Theodore Rouze, deceased. (Dated) Jan. 3d, 1817, (and directed) to Caleb Lloyd, esquire." It is proved by the deposition of James B. Stafford, that on the day this paper bears date, Mary Crawford and Patrick Smith came to his store. Smith wished him to draw the paper, and Mrs. Crawford

assented, and when drawn, she subscribed her name to it on the counter.

If this evidence is competent in any point of view, it appears to me it should have no weight. It was given nearly two years after the assignment of the mortgage—by which act the executrix parted with all her interest in the mortgage; and her declarations, after that, are not to be considered as affecting the rights of the assignee. She cannot be permitted thus to defeat the title she conveyed for a valuable consideration. Besides, it does not appear that she had the mortgage in her possession at the time. She did not deliver it to Smith, nor did he procure its cancellation. The whole proceeding was inoperative, and in my view ought not to be looked on as evidence

The last objection is, that the answer of the defendant, denying the assignment, and denying also that there is any money due, has not been overcome—it having been disproved by one witness only.

There can be no doubt as to the rule, that when the answer is directly responsive to the bill, and the defendant answers from his own knowledge, the answer must prevail unless overcome by the testimony of two witnesses, or the testimony of one witness accompanied by strong corroborating circumstances equal to that of another. But the rule cannot be applied to this case. The defendant does not undertake to speak from his own knowledge, either as to the assignment, or the payment of the balance of the mortgage money. As to the assignment, he knows nothing; and as to the payment of the balance, he speaks from information.

The complainant is entitled to a decree.

Let it be referred to a master to ascertain the amount due on the mortgage; how much has been paid by the defendant, Patrick Smith, and the liabilities of the other defendants; and the order in which they are to contribute.

Decree accordingly.