Plaut *v.* Plaut.

EMMA PLAUT

*v.*

SOLOMON PLAUT, LOUIS PLAUT and others.

1. Where a bill contains all the allegations necessary to hold a defendant as an executor, it is not essential to its validity that the defendant should be named as executor in the prayer for process.

2. Where agents, in accordance with the expressed desire of their principal, take a lease of premises for the purpose of extending the principal's business, make the first payment under the lease with the principal's funds, speak of it as his property and claim no beneficial interest under it, although they take it in their own names, they will be decreed to hold it in trust for the principal, and, in case of his death, for his estate; and, if they threaten to assign the lease to third persons, they will be restrained from so doing, by injunction.

On demurrer to bill, to establish a trust &c.

The bill is exhibited by Emma Plaut, the widow and one of the executors of the will of Leopold S. Plaut, deceased, and represents that, prior to Mr. Plaut's death, he was engaged in the dry goods business in the city of Newark; that because of ill health he constituted his brother, Louis Plaut, his attorney in fact to conduct his business for him; that he occupied, as his place of business, the basement and first floor of three adjoining houses on Broad street, in the city of Newark, and desired to obtain a lease of the upper floors of the same buildings; that the complainant and the defendants, Solomon and Louis Plaut, in course of the transaction of Leopold's business, secured a lease of those floors for him, but for convenience, took the lease in their individual names; that the leased premises were used in Leopold's business and the first month's rent was paid with his money; that in taking the lease it was understood, by all parties, that it was taken for Leopold, and that the lessees named in it have no beneficial interest therein; that before the second month's rent became due, Leopold died, leaving a will by which he appointed the complainant executrix, and his brother Solomon

·executor, thereof; that the persons thus named proved the will, had letters testamentary duly issued to them, and assumed the duties of the office to which they were appointed; that a firm composed of the complainant and her husband's brothers, Louis and Moses, and one Oscar Michael, have purchased Leopold's business, and now conduct it in the buildings which were leased to Leopold; that the lease in question is valuable, and that the firm did not buy it from Leopold's estate; that the complainant has executed an assignment of that lease to the executors óf her husband's estate, and has requested Louis and Solomon to join in such assignment, but that they refused to do so, and threatened to transfér the lease to the above-mentioned firm.

The bill prays that Louis and Solomon may be directed to assign the lease to the executors of Leopold, upon being indemnified against loss, or that they may be decreed to hold it in trust for his estate, and that they may be restrained from transferring the lease to others, and that such other relief may be granted as shall be equitable.

The executors of Jacob Speer, who are the lessors, are made parties defendant, because the lease contains a covenant that it shall not be assigned without their consent.

To the bill, Louis and Solomon Plaut demur; first, because Solomon has not been made a party in his character as executor of his brother's will; second, because the complainant is not a party as an individual, but merely as executrix of her husband's will; and third, because the bill does not present a case for equitable relief.

The executors of the will of Jacob Speer also demur upon the first and third of these grounds.

*Mr. Louis Hood*, for the demurrants.

*Mr. Theodore Runyon, contra.*

THE CHANCELLOR.

The bill contains all the allegations necessary to hold Solomon Plaut as executor, although he is not named as such in the prayer for process.

Plaut *v.* Plaut.

Chancellor Zabriskie, in *Evans* v. *Evans, 8 C. E. Gr. 71*, says that it is mere form, and useless form, to require that either party should be styled as executor in the commencement or conclusion of the bill, where the bill contains proper allegations to show the official character and duties of the suitors.

This rule was followed in *Ransom* v. *Geer, 3 Stew. Eq. 249*, where *Evans* v. *Evans* was cited with approval.

The rule *is* consonant with reason and common sense, and must dispose of the first ground of demurrer.

The second objection is, that Mrs. Plaut, as an individual, is interested in the lease, and in her individual capacity should be a party to the suit. The bill distinctly alleges that Mrs. Plaut has assigned her interest in the lease to the estate of her husband, and thus shows that her interest, in her own right, in the the lease has terminated. But, aside from this declaration, I think that, under the other allegations of the bill, within the principle of *Evans* v. *Evans*, she may be treated as being before the court in both her representative and individual capacities.

Within familiar principles, the allegations of the bill establish a resulting trust in favor of Leopold Plaut. His brothers and wife took the lease in course of their management of his business, which he had entrusted to them, and, in accordance with his express desire, they made the first payment under it, with his funds. They treated it as his property, and understood it to be such, and now make no claim that they are the beneficial owners of it. With the exception of the complainant, they refuse to give the benefit of it to Leopold's estate, and threaten to assign it to others. In such a condition of affairs, a court of equity should restrain the proposed transfer and establish the trust.

The bill then presents a case for equitable relief.

The demurrers will be overruled, with costs.