THE WHEELER & WILSON MANUFACTURING COMPANY

v.

JOHNSON H. FILER, DAVID S. CONEY et al.

1. The fact that a bill to foreclose a mortgage alleges nothing in terms against a defendant against whom it prays process is not ground for demurrer, if he is informed by the notice annexed to his subpœna that he is made a party because he holds a mortgage on the premises, and claims some lien thereunder.

2. In a bill to foreclose a mortgage, a prayer for relief and discovery against "said defendants hereinafter named" can only refer to defendants already mentioned, and not to a defendant mentioned merely in the following prayer for process.

On demurrer to bill.

This is a bill to foreclose, by mortgagee against mortgagor, based on an ordinary legal mortgage, duly signed and sealed by the defendant, conveying certain lands to secure the debt. The bill contains no allegation that any other person besides the mortgagor claims any lien upon, or to have any interest in, the mortgaged premises. The prayer for relief is the ordinary one for sale &c., and that the defendants be foreclosed &c., and is directed against "*said defendants hereinafter named.*"

In the list of defendants against whom process is prayed (and which follows the prayer for relief), but nowhere else in the bill, is found the name of David S. Coney. Annexed to the subpœna is a notice or ticket addressed to Coney, under the ninth section of the Chancery act, stating that he is made a party because he holds a mortgage upon the premises described in the bill, and by virtue thereof claims to have some lien upon, or interest in, the mortgaged premises. This subpœna, with the ticket or notice, was returned duly served upon Coney. Coney now demurs, and,

"for cause of demurrer, shows that the said bill of complaint contains no allegation of any kind whereby it appears that the said David S. Coney is a proper or necessary party defendant thereto, and that the said bill contains no allegations of any kind against the said David S. Coney, and that there is nothing therein contained that the said David S. Coney *should be required to answer;* wherefore and for divers other good causes of demurrer appearing in the said bill, this *defendant doth demur thereto* and humbly prays the judgment of this honorable court *whether he should be compelled to make any further or other answer to said bill.* And prays *to* be hence dismissed with his costs and charges in this behalf most wrongfully sustained."

*Mr. Henry S. Alvord,* for the demurrant.

*Mr. Wheaton Berault, contra.*

Pitney, V. C.

My first impression was—and I so expressed it—that the demurrer was well taken, but subsequent reflection and consideration lead me to a contrary conclusion. It is undoubtedly the general rule, as expressed by Lord Redesdale (*Mitf. Pl. 160*), that "the plaintiff must show some claim of interest in the defendant in the subject of the suit which can make him *liable to the plaintiff's demands,* or the defendant may demur." And Mr. Justice Story, following this authority, says (*Story Eq. Pl.* § *519*) that an objection may be taken by demurrer to the substance of the bill for want of interest of the defendant in the subject-matter of the suit. And see § *262;* also, *Hare Disc.* § *2 p. *65; Dan. Ch. Pr. *321 et seq.* An examination, however, of the context of these writers and of the cases cited by them shows that

this rule is applied by the courts only to cases where either discovery is sought for the purpose of obtaining evidence or some specific relief is prayed against the defendant personally.

Now, a bill to foreclose differs from such a bill in that it is a proceeding *in rem*, and the defendants are made parties only because they claim to have an interest in the subject-matter. No personal relief is usually prayed against them, and none is prayed in this case. Nor is the bill here one for discovery; it prays none against this defendant and manifestly was not intended as an instrument for obtaining evidence.

The necessity for connecting the defendant in some way with the subject-matter of the suit when he is to be interrogated about it, is manifest, because if he knows nothing personally it is idle to interrogate him.

Any defendant who is made a party because he claims an interest in the mortgaged premises, may disclaim such interest and be discharged, with his costs, if he have not pleaded simply for the purpose of making costs. *Dan. Ch. Pr.* *706, *709, and cases cited.

Where a complainant in a foreclosure suit attempts to state why he makes a person claiming a lien upon or interest in the mortgaged premises a party, he may do so either by simply stating that such party claims some interest in or lien upon the mortgaged premises, without attempting to specify it (*2 Jones Mort.* § *1473*), or he may specify it according to his information and belief. The former is quite sufficient, for the simple reason that it is no part of the complainant's duty to undertake to set out the defendant's case. The defendant has no right to have complainant describe it, and if he attempts to do it his statement does not bind the defendant, for he may nevertheless, and in many cases must, for his proper protection, set it out again in due form in his answer.

But while, from the very nature of the case, there is no duty or necessity laid upon the complainant to describe in his bill the defendant's claim, nevertheless the practice of so doing, which has prevailed so long in this state, is a good one, and tends to save the costs of an answer, and serves to notify the other

defendants of the character of all the claims made against the property.    It should not be discouraged.

But this consideration cannot change the real nature of the case, which is that the complainant, when he has stated his mortgage, has stated his case and made out his right to the aid of the court against the mortgaged premises and all persons interested in them, and the nature of the claims made by other parties to the premises is not a part of his case.    The mere fact that they have such claims is all that is necessary in order to authorize him to bring them into court.    Now, the insertion of a name in the prayer for process seems to me to amount, by implication, to an allegation that such person does claim an interest in the premises, and also that it is subsequent to the complainant's mortgage, for, unless he have such claim, he should not be made a party.

But whether I am right or not in this notion that the mere insertion of the name in the prayer for process is, in effect, an allegation that the defendant claims an interest in the premises, it seems to me that the defendant in this case cannot say that he is injured by the omission to state in the bill the reason for making him a party, when he has that information by the notice or ticket annexed to the subpœna and served with it.    This notice is just as serviceable to him in that behalf as if the information it contained had been placed in the bill, and I am unable to see how its absence in the bill entitles him to demur. The object of a demurrer is to defend a party against a demand, protect his rights and save him costs and trouble; in short, to serve some useful purpose, and not to enable his solicitor to make complainant's solicitor pay him a bill of costs for an oversight that cannot possibly harm him or cause him the least inconvenience or expense.

One Gould was named a defendant in the same manner as was the demurrant, and was served with a notice attached to the subpœna, stating that he was made a party because he held a lien claim upon the mortgaged premises, and he has promptly answered, setting out his claim and alleging that it is prior to complainant's mortgage, and praying, as he has a right to, if it

is prior, to be entirely dismissed from the suit, with costs. It is difficult to see how he was injured by the omission to state his claim in the bill.

There are other circumstances which seem to be equally fatal to the demurrer.

It is doubtful, to say the least, whether upon the language of the prayer for relief and discovery, which names no defendants, but says merely "said defendants hereinafter named," either relief or discovery is prayed against demurrant. He certainly does not come within the description of "said defendants," for he had not been previously named in the bill, and it would seem that the words which follow—"hereinafter named"—ought to be construed as referring only to those previously named as indicated by the word "said." To construe them as including more is to deny all force to the word "said." If, then, by the true construction of the bill neither relief nor discovery is prayed against demurrant, there is nothing in it for him to defend and nothing to demur to, for a demurrer is a defence, and it seems clear enough that there can be no sort of relief decreed against a party against whom none is prayed.

If this view is correct, then the real error, if any, of which demurrant has a right to complain, is the award and issuance of process against him without stating in the bill any reason for so doing; and if the statutory notice or ticket annexed to the subpœna is inefficient to cure such defect, then his remedy, if he had no interest in the mortgaged premises, was to move the court to strike his name from the prayer for process, and to suppress the process itself, or to strike his name from it, if it be joined with others there. If he had an interest in the premises, which he desired to protect, he could answer and set out that interest in his own way.

From whatever direction, then, we consider the uninteresting, because technical and unmeritorious, question raised by this demurrer, we find it to be bad.

I will advise an order that the demurrer be overruled, with costs, unless the complainant shall desire to amend, in which case it will be upon terms that demurrant consent that such amendment be made without costs.