Haberman v. Kaufer.

CONRAD HABERMAN

v.

MARY KAUFER et al.

[Filed August 8th, 1900.]

1. A motion to strike out a defence in an answer as impertinent or immaterial will be refused, unless the matter criticised is so unrelated to the complainant's claim as to be unworthy of any consideration as a defence, either of fact or of law.

2. A complainant may not, under a motion to strike out, present and have determined the sufficiency in law of facts set forth in an answer to constitute a defence.

3. When a complainant, who is the holder of a title to lands by devise, and the executor of the will devising them, files a bill to enforce the specific performance of a contract for the sale of the devised lands, which he claims operates antecedently to the will, and makes defendants only the holders of legacies charged by the will upon the lands for the purpose of devesting the charge, a cross-bill filed by the defendant legatees, with an answer denying the contract, praying sale of the lands to pay their legacies, will not be stricken out as impertinent, nor because not germane to the subject-matter of the original suit.

4. When, by a bill in equity, an apparent legal charge upon lands is challenged, this court has jurisdiction, under a cross-bill in the same suit, to enforce the charge.

5. A cross-bill may bring in new parties if their presence in court in the suit be necessary to grant affirmative relief in aid of a defence.

6. If a cross-bill lacks necessary parties as defendants, it will not be stricken out for that reason.

7. Where there is such a lack, and the cross-bill has not, for that reason, been challenged by the defendant, the court will stand the cause over until the necessary parties are brought in as defendants.

On bill, &c., and motion to strike out both a defence in an answer and a cross-bill.

The complainant is one of the sons of Michael and Caroline Haberman. He alleges that Michael, who kept a cheap boarding-house in New Brunswick, came, in 1894, to be in feeble health; that Michael, by parol, agreed with the complainant

that if the latter would give up his own business, and live with and care for his father and his wife, Caroline, and manage the lodging-house business for the remainder of their lives, that they, Michael and Caroline, would, on their death, devise certain houses and lots in New Brunswick, described in the bill (the title to which was held by Michael), to the complainant as a recompense for his services. The complainant alleges that he performed the agreement on his part during Michael's life. In December, 1896, Michael died, testate. His will is dated November 30th, 1896, and makes his wife, Caroline, his sole devisee in fee and sole executrix; it was proven in January, 1897, and letters testamentary were issued to Caroline.

The complainant alleges that he further performed his agreement by caring for Caroline and for the lodging-house business during her life. In September, 1897, Caroline died, also testate, bequeathing a number of money legacies to the amount of $2,000, and giving all the rest of her estate, real and personal, to the complainant, whom she made sole executor. The complainant proved the will and took out letters testamentary.

The complainant alleges that nearly the whole personal estate of Caroline has been used up in paying her debts and funeral expenses; that there is no money to pay the legacies, and that, by the terms of Caroline's will, they are charged upon the houses and lots in question, which are in such a dilapidated condition as to be worth little, if any, more than the amount of the legacies, &c. He alleges that by his agreement, which he has fully performed, he was to have the property clear of all subsequent encumbrances. All the legacies given by Caroline's will are charged on the lands in question. All the legatees are made defendants in the bill, which prays that they may be decreed specially to perform the above-stated agreement by conveying the lands in question to the complainant, free and clear of the legacies, &c.

The defendants, by their answer, deny that there ever was any such agreement as the complainant alleges, and also that he did the acts averred to have been done in performance of it, and every supporting circumstance. They admit the wills and their probate, &c., and insist that the complainant acquiesced in these

dispositions of the estate, and, as residuary legatee and devisee, joined in efforts made to raise money to carry them into effect. They also allege that, failing in these efforts, the complainant conceived the idea of claiming compensation as a creditor for the services which he now asserts were the consideration for the alleged agreement; that he presented to himself, as executor of Caroline, two claims, under oath, for nursing and managing the business during the lives of Michael and Caroline, amounting in all to $3,360, and, as executor of Caroline's will, submitted his petition to the Middlesex orphans court, exhibiting his own claim of $3,360 with others to show that the personal estate of Caroline was insufficient to pay her debts, and praying the order of the court in the premises, and on this obtained an order to show cause for the sale of Caroline's real estate; that the defendants excepted to his account, seeking to charge him with assets not accounted for, which exceptions were heard and testimony taken thereon, and that, while this matter was thus pending, the complainant, on June 5th, 1899, obtained rules of that court, reciting his desire to withdraw the claims exhibited by him, ordering that his petition and rule to show cause be dismissed, and that he have leave to take his bills off the file.

Having recited the circumstances above stated, the defendants' answer

"insists that the presentation by the said complainant of the said claims for compensation for the same services which he now alleges as the consideration for the said alleged contract, and the proceedings taken by the said complainant to sell for the payment of the said claims and other debts of said Caroline Haberman, the same lands which by said contract he now claims as his own, and not the property of the estate, constitute a conclusive election on the part of the said complainant, and a waiver of any benefit from said alleged contract, and that he is estopped to set up or rely upon the said contract or to claim said lands by virtue thereof."

The defendants also filed with their answer a cross-bill, setting up their rights as legatees, whose legacies are charged upon the lands of the testatrix, Caroline Haberman, alleging that her personal estate was insufficient to pay the legacies, and praying that the lands might be sold by the order of this court for that purpose.

18

The complainant has given notice and moves to strike out all that part of the answer which relates to the presentation of his claim to the Middlesex orphans court, and to the orders there made thereon, and also that part of the answer which insists that the complainant's presentation of his claim for payment constituted an election to abandon any rights under the contract, or an estoppel to assert them, upon the ground that the matters recited are impertinent, because

"immaterial as affecting the rights of the said complainant set forth in his bill, and do not constitute an election or waiver on his part or an estoppel upon him from alleging the said contract," &c.

The complainant also moves to strike out the whole cross-bill, because it is impertinent, and sets up no equity, and contains no matter which may be the subject of a cross-bill, &c.

*Mr. Freeman Woodbridge,* for the complainant.

*Mr. Alan H. Strong,* for the defendants.

GREY, V. C.

The complainant moves to strike out the parts of the answer above noted, because, he says, they are impertinent and immaterial. To succeed in this motion he must show that the matter criticised is so unrelated to the complainant's claim as to be unworthy of any consideration as a defence. *2 Story Eq. Pl.* § *267 (note 3).* On such a motion, if the part objected to should be found to be so connected with the subject-matter of the complainant's suit that it may fairly be deemed to present some question of either law or fact which the court ought to hear and determine, then it cannot be stricken out as impertinent, but must be considered, and its sufficiency must be passed upon as a defence either of fact or of law to the action.

This characteristic of a motion to strike out for impertinence appears to have been overlooked by the counsel on both sides, as they have each argued the motion to strike out as if it presented the question of the sufficiency in law of the challenged facts set forth in the answer to constitute a defence.

Haberman *v.* Kaufer.

The complainant claims that by a named contract he is entitled to have certain lands conveyed to him for services rendered, and asks that the contract be decreed to be specifically performed. The defendants contend that there never was any such contract, and allege certain facts which, if true, tend to support the contention. They also aver that these facts, if there were any such contract, show that the complainant has abandoned it by claiming satisfaction in money for the same services which are alleged in this suit to have been in consideration for the contract to convey, performance of which is here sought.

These incidents have direct connection with the subject-matter of the complainant's claim, and dispute its validity in fact and in law. When they are considered it may be found that they do not constitute a defence which is sufficient to defeat the complainant's right to a decree, but it cannot be said that they are so impertinent or immaterial to the controversy before the court that they are not worthy even to be admitted to consideration.

The position of the complainant on this motion to strike out is substantially that set up in *Doane* v. *Essex Building Association, 45 Atl. Rep. 537,* and there overruled.

He seeks, under a motion to strike out, to demur to the defence set up in the answer. This practice is not allowed in this court, and is not within the spirit of rule 213 governing motions to strike out answers. A motion to strike out a defence in an answer, under that rule, takes the place of the more tedious procedure by exceptions. The rule does not introduce a new practice whereby the legal sufficiency of a defence presented in an answer may be tested by moving to strike it out; that is, under the form of a motion to strike out, the complainant cannot, in substance, demur to the answer. *Leslie* v. *Leslie, 5 Dick. Ch. Rep. 155; Doane* v. *Essex Building Association, ubi supra; Brill* v. *Riddle Co. (May, 1900, in this court).*

The further contention of the complainant is that the whole cross-bill of the defendants should be stricken out, because he insists that the matter there set up and the relief sought are foreign to the main suit, and not the proper subject of a cross-bill.

The single purpose of the cross-bill is to obtain the lands (which the complainant claims were agreed to be conveyed to him) to be sold under the order of this court. The pertinency of the cross-bill can best be determined by a consideration of the objects of the complainant's suit. He claims to be entitled, under a contract with one Michael Haberman, to a conveyance of lands of which the latter died seized. Michael ignored the contract, and devised the lands to Caroline. She also ignored the contract, and charged the lands with the payment of her debts and of certain legacies, and, subject to these charges, devised them to the complainant and made him executor of her will. The complainant proved this will and undertook its execution. He now files his bill, and makes the legatees of Caroline defendants, in order that the decree may cut off their charge upon the lands. They, by answer, deny the existence and also any performance of the contract, and, by cross-bill, ask that the lands admitted to have been devised to the complainant, and to be charged to pay their legacies, may, by the order of this court, be sold for that purpose.

The complainant insists that he has come into court only for the enforcement of his alleged contract, and that he is not a party in any other capacity; that the cross-bill seeks to have him respond as devisee of the title to the land and as sole executor of the will of Caroline, and this, he claims, is to bring in a new party by cross-bill, which, he contends, cannot be done, citing *Richman* v. *Donnell, 8 Dick. Ch. Rep. 35,* where Vice-Chancellor Bird held that if the establishment of the defendant's rights require him to raise issues not within the scope of the original bill, and to bring in new parties, he must file an original bill. This view has force only where new matter is set up in the cross-bill, which is foreign to the subject to which the original bill is addressed. It does not apply in cases like the present, where the relief sought by the cross-bill affects the same subject-matter dealt with in the original bill, and the denial of relief to the original complainant will, under the circumstances of the case, be substantially a declaration that the affirmative relief sought by the cross-bill should be adjudged. In such cases it might be that the whole of the matters in dispute between the

Haberman *v.* Kaufer.

parties could be settled in one suit, if all the parties entitled to be heard could be brought in as defendants in the cross-bill. The defendants hold legacies which are admittedly charged on the lands, conveyance of which is sought to be enforced by the complainant as purchaser by contract. He makes these legatees defendants solely because they hold these charges on the lands in question. They dispute his claim, and ask that they may have affirmative relief against him, touching this charge on the lands, not, it is true, in his capacity as purchaser, but as executor of the will and devisee of the lands.

If it be admitted that the relief sought by the cross-bill requires that the complainant be defendant in a new capacity, and that he is, therefore, a new party, it is not an unwarranted practice, for the court of appeals has declared that where it is necessary to bring in new parties to a cross-bill in order to grant affirmative relief in aid of a defence, it may be done. *Green* v. *Stone, 9 Dick. Ch. Rep. 401.* The opinion in that case further gives a strong intimation that in this court in such cases that mode of procedure should be followed which will dispose of the entire litigation in one suit. *Ibid.*

The complainant contends that the relief sought by the cross-bill is wholly unrelated to the rights asserted by the original bill, and he asks: "If the cross-bill had been an original bill for the payment of these legacies, would Conrad Haberman (the complainant in the original bill) have been a necessary or proper party to it in the character in which he sues as complainant?"

Conrad sues as complainant, claiming to be the equitable owner of the land in question. If the defendants should seek to assert their right to realize their legacies out of those lands, the legal title to which was in the testator at the time of her death, and they disputed Conrad's equitable ownership of that title under his alleged contract, as they now do, he would, undoubtedly, be a proper party, and would be a necessary one if it were desired to cut out his claim under his contract.

The objection to the cross-bill that it introduces a subject of litigation not germane to that presented by the original bill, is quite sufficiently met by the citations in defendants' brief, which show that the matter dealt with is fairly related to the original

suit. In *Chicago Railroad Co.* v. *Chicago Bank, 134 U. S. 287,* the bank was proceeding to sell on its own judgment. The railroad company filed a bill in equity to restrain such sale. The bank answered, and also, by cross-bill, asked the enforcement of the judgment in the equity proceeding. It was objected that the cross-bill was not germane to the original suit, but, notwithstanding the objection, the cross-bill was entertained, the learned judges citing *Railroad Co.* v. *Chamberlain, 6 Wall. 748,* and declaring that "where, in a court of equity, an apparent legal burden on property is challenged, the court has jurisdiction by a cross-bill to enforce, by its procedure, such burden." In the present case the complainants in the cross-bill appear to be within the principle above quoted in seeking to enforce their legacies.

So far as the objection to the cross-bill is based upon the fact that the executor of Caroline Haberman is not a party, it strikes quite as forcefully the proceedings on the original bill, to which the executor is not a party.

The complainant seeks, by his bill, so to dispose of lands whereof Caroline Haberman died seized that they may not, by any possibility, be applied to the payment of her debts. The complainant, in his argument, assumes that the pleadings show, as an admitted fact, that all the charges in the nature of debts against Caroline's estate have been paid. This is not correct. It is shown that the personal estate amounted to $13.05 more than the debts, but this computation was reached by excluding counsel fees, executor's commissions and surrogate's fees. These necessary and primary charges obviously exceed $13.05. When they are considered, as they must be, it is plainly seen that the personal estate is insufficient; that the real estate of the testatrix must respond, and that the executor of the will is, therefore, in a situation where he has a right and duty to deal with the real estate to raise the deficiency. Chancellor Green declared in *Downing* v. *Risley, 2 McCart. 93,* that to a bill filed against a purchaser, with notice of a contract to convey lands, by the heirs of the vendee in the contract, the executor of the vendee should be made a party, because he had an equity in the decedent's lands in behalf of the creditors, to apply them to the payment of his debts. The same rule was declared in *Colfax* v. *Colfax,*

Haberman *v.* Kaufer.

*5 Stew. Eq. 206,* upon the same grounds, by Chancellor Runyon. To permit a claimant of the decedent's lands to enforce their conveyance without making the executor a party, and thus to destroy his right to apply those lands to the payment of the decedent's debts, without giving him a hearing, when he alone can defend in the interest of creditors, does not seem to accord with correct principles. A cause wherein this was sought to be done was ordered to stand over until the executor should be made a party defendant. *Kempton* v. *Bartine, 44 Atl. Rep. 463.* It would seem that the complainant, in order to advance his cause to a hearing, may properly be required, by apt allegation and charge, to bring in the executor of Caroline's will, in order to cut off his equity to apply the lands in question to the payment of her debts, &c. He is not relieved from this duty because he happens himself to be the executor.

It is quite obvious that the complainant in the original bill is not asserting any rights which he claims as executor or as devisee of the lands in dispute, but the successful prosecution of his suit will necessarily destroy the title which he took as devisee, and to be successfully enforced must cut out the above-named equity of the executor. It is also true that the cross-bill and the relief there asked affect his *status* in those several capacities, so that the line of cases referred to in *Matthews* v. *Hoagland, 3 Dick. Ch. Rep. 458,* to the effect that where the bill shows the official character of the suitor it is not necessary that he should be styled according to his office, may have application to justify considering the complainant in court on the cross-bill in all the capacities in which he is related to the subject of litigation.

The cross-bill is, however, not objected to for want of parties by the defendants thereto. If it be necessary, formally, to bring in the complainant in the original bill as defendant in the cross-bill, in the above-named several capacities, in order to consider the equities set up in the cross-bill, the remedy is not to strike out the cross-bill for want of parties, but to stand the cause over until the proper parties are brought into court. This was done in *Wooster* v. *Cooper, 11 Dick. Ch. Rep. 760.*

The complainant's motion to strike out the above-noted defence in the answer and the cross-bill should be denied.