Complainant filed its bill to foreclose its mortgage upon certain premises in the city of Ocean City, county of Cape May and State of New Jersey. It made the Sun Oil Company *Page 332 
a defendant, alleging "that the said premises are occupied by the Sun Oil Company, a corporation of New Jersey; that said company occupies the said premises as a tenant, or in some other right unknown to complainant; that whatever right or interest said named company may have in said property is subject to the complainant's mortgage."
Due service was made on the Sun Oil Company by delivering and leaving a copy with the registered agent of said company, at its office, Broadway and Market street, Camden, New Jersey. This defendant filed no answer, and on the 15th day of May, 1931, the bill was ordered taken as confessed against the Sun Oil Company and others, and an order of reference was made to a master, who reported.
On the 10th day of June, 1931, a final decree was entered adjudging the amount to be due the complainant and decreeing that all of the defendants stand debarred and foreclosed of and from all equity of redemption. Fieri facias was issued and the said premises sold by the sheriff of Cape May county, which sale was confirmed and a deed duly delivered to Earl V. Wescott, the petitioner, who now petitions for a writ of assistance.
The Sun Oil Company prays for a dismissal of the petition and states the legal proposition in a memorandum, as follows:
"Quaere: Does a defendant in a collateral proceeding, the object of which is to give possession to a purchaser at a sheriff's sale under foreclosure proceedings, have a right to set up in said collateral proceedings his paramount title to that of the mortgagee, where the bill to foreclose had made him a party defendant and alleged that the defendant's right to possession was subsequent and subject to the rights of the mortgagee and defendant failed to either affirm or deny the allegation in the bill of complaint by answer or otherwise?"
The late Chief-Justice Beasley, in Chadwick v. Island BeachCo. (Court of Errors and Appeals), 43 N.J. Eq. 616 (at p.624), said: "In my opinion, a defendant in a foreclosure suit, if he has a title paramount to that of the mortgagee, and he intends to enforce it, must set it up in his answer." *Page 333 
As long ago as 1857, the then Chancellor Williamson held that "a party who is guilty of laches is not entitled to have a sale opened" and that "a party who has notice of the suit, and does not appear and make defense has no right to ask to have the sale opened on any ground which he might have interposed as a defense, unless he was prevented from making his defense by fraud or mistake." Hall v. Urquhart, 11 N.J. Eq. 318.
In Kirkpatrick v. Corning, 38 N.J. Eq. 234, the court of errors and appeals held "that the silence of the defendant in the suit was equivalent to a consent that the property should be treated as their property, and it would be inequitable now to allow them to object." It follows that the silence of the Sun Oil Company in the case at bar was an admission of the facts set out in the bill of complaint, and it would be inequitable now to allow it to object to the interlocutory and to the final decree upon the ground that the allegations in the bill of complaint were untrue.
Most certainly a party cannot attack, in a collateral proceedings, a decree of this court, where he would have no standing to attack the decree upon a direct proceeding.
The petition will be granted.