Francis Child, substituted administrator with the will annexed of the estate of Andrew Kirkpatrick, in his bill of complaint charges that John Bayard Kirkpatrick, one of the executors and trustees of the estate of Andrew Kirkpatrick, committed numerous breaches of his trust as such executor and trustee in that he commingled the trust estate with his own; appropriated such trust assets to his own use; failed to account for the assets of the trust and to distribute to two of the children of Andrew Kirkpatrick the full amount of their respective share of their father's estate, which shares they were entitled to under his will.
John Bayard Kirkpatrick died in 1928, leaving a will naming his widow, Amy A. Kirkpatrick, as his sole beneficiary of his estate. Amy died in 1930, and under her will, J. Frederic Wherry and Ruth E. Loveland were named as executors.
The bill further charges that assets of the Andrew Kirkpatrick estate were commingled with John Bayard's assets at the time of the latter's death in 1928 and passed to his sole beneficiary, Amy, and in turn upon her death passed to her executors and distributees.
The object of the present suit brought by the successor trustee is to subject property in the hands of the defendants to the payment of an obligation to John Bayard Kirkpatrick, deceased, active executor and trustee of the estate of Andrew Kirkpatrick, and to account for personalty and the avails of realty held in trust by him and to discover, ascertain and follow unadministered assets of the estate of Andrew Kirkpatrick into the hands of the distributees of John Bayard's estate who received them through his wife, Amy, and to impress thereon a lien. The suit is one for discovery and an accounting of administered property.
The petitioners, J. Frederic Wherry and Ruth E. Loveland, as executors of the last will and testament of Amy E. Kirkpatrick, Ruth E. Loveland, individually, Mary Caroline Burns, Michael Gallaway and Betty E. Hedges, who are among the defendants named in the bill of complaint move *Page 63 
and by their petition upon this motion pray an order of the court to compel complainant (1) to amend his bill of complaint "so as to set forth a plain and concise statement of the facts upon which complainant relies, * * * with dates and items, of the frauds, breaches of trust and willful defaults which are charged in the bill * * *," and (2) for an order that the complainant join as parties to the suit the unpaid legatees as necessary parties to these proceedings since they have a direct interest in the outcome of this suit.
It is charged in the bill of complaint that John Bayard Kirkpatrick never filed an accounting in the matter of the Andrew Kirkpatrick estate; that no accounting was ever filed in the estate of John Bayard Kirkpatrick but that in the inventory of his estate there are securities after partial distribution thereof of the same kind as remain in the estate of Andrew Kirkpatrick, such as shares of the Federal Trust Company and of the Neptune Meter Company; that the assets and moneys of the estate of Andrew Kirkpatrick in the hands of John Bayard Kirkpatrick were commingled with his own and constituted part of his estate; that John Bayard Kirkpatrick withdrew funds from the estate of Andrew Kirkpatrick to his order individually and as "attorney" and improperly mingled such funds with his own. The date of such withdrawals, together with the amount thereof are set forth, and it is charged upon information and belief that the books, papers and records in the possession of Warren L. Jacobus, executor of the estate of John Bayard Kirkpatrick, either properly belong or relate to the administration of the estate of Andrew Kirkpatrick, and that for the proper protection of the interests of his estate an order be made that such books, records and papers be turned over to complainant; that certain parcels of real estate therein specified were sold between the years 1904 and 1905 and the proceeds thereof never accounted for; that other property on Mt. Prospect avenue and on Arch street, both in Newark, New Jersey, were exchanged in 1909 for other properties on Seymour avenue and on Rose Terrace in Newark. The exact details and real consideration for such exchange or transfer of property, complainant *Page 64 
alleges, are unknown to him, and he charges on information and belief that the full proceeds thereof were never accounted for. Further charges of the same character with reference to other real estate sold and exchanged are set forth in the complaint. It is also charged that certain legatees and distributees of the estate of Andrew Kirkpatrick received larger distributive shares than others, and that the records in complainant's possession of John Bayard Kirkpatrick as executor are so incomplete that complainant is unable to determine how or why such payment was made; that certain interest payments were made to the Federal Trust Company on account of a loan believed by complainant to have been made to John Bayard Kirkpatrick and Andrew Kirkpatrick, Jr., either individually or as executors of the estate of Andrew Kirkpatrick and Littleton Kirkpatrick, the complete facts and details respecting which are not disclosed in the records. Other charges in the bill of complaint are that a safe deposit box in which securities of the estate were deposited was wrongfully opened by John Bayard Kirkpatrick alone on September 1st, 1925, at which time he took possession alone of the assets of the estate contained therein, and that no accounting with respect to the contents of the safe deposit box was ever made.
The specific charges made have been particularized so far as it is practical to do so without attempting to plead the evidence to sustain them. "The court may, in its discretion, order further and better particulars to be given of any matter stated in any pleading, or may order a bill of particulars to be given, in any case in which it may be justly required." Chancery rule 45. It must be borne in mind that this is a suit for discovery necessitated because of alleged breaches of trust, the commingling and appropriating of trust funds to the use of the trustee and for an accounting for the assets of the trust estate because of failure to account therefor. Under Chancery rule 46, "when the pleader relies on any misrepresentation, fraud, breach of trust, willful default or undue influence [and in other cases in which details or particulars were required by the former rules of equity pleading *Page 65 
to be pleaded] particulars of the wrong, with dates and items if necessary, shall be stated in the pleading so far as practicable." This rule of court in the instant case, it seems to me, has been fully complied with by the pleader so far as practicable.
Neither are the unpaid legatees of Andrew Kirkpatrick necessary parties to the present suit. Sweet v. Parker, 22 N.J. Eq. 453;In re Folwell, 68 N.J. Eq. 728.
In Buchanan v. Buchanan, 75 N.J. Eq. 274, the suit was one brought in equity by the heirs-at-law and next of kin of Doctor John Buchanan, deceased, to impress a trust ex maleficio upon certain real and personal property in the possession of the defendant purchased with moneys embezzled from the decedent. No letters of administration have been taken out on the estate of Doctor Buchanan and it was alleged that the defendant, while acting as his clerk or his assistant, appropriated to her use, both before and after his death, the profits of his business together with moneys and other property of the decedent and invested the same in specific real and personal property. The prayer of the bill was that the defendant be required to deed to the complainants the real estate; pay over to them and account for all moneys and deliver all securities in her possession and under her control, all of which were claimed to belong to the decedent's estate, and for full discovery and an injunction against disposing of the property. In the court below decree was advised in accordance with the prayer of the bill from which decree an appeal was taken to the court of errors and appeals, and it was there held that heirs, next of kin and creditors cannot, in their own names, prosecute actions at law or suits in equity to recover the unadministered estate of the decedent, and that such suits can be maintained only by the duly qualified personal representatives of the deceased. The court in its opinion approved what was said in Flynn v. Flynn,183 Mass. 365; 67 N.E. Rep. 314, to wit: "`If the property was wrongfully conveyed, as the plaintiff alleges, the executors or administrators, who are the personal representatives of the deceased, are the proper parties to recover it for the *Page 66 
benefit of those who are entitled to it. The title to all the personal property of a deceased person vests in his executor or administrator by relation from the time of his death, and no one else can maintain an action for it. Not even the sole heir-at-law, or a legatee, has any title which he can enforce by suit against a third person.'" * * * "On the same principle that permits a cestui que trust to maintain actions which his trustee should bring when the latter neglects or refuses to bring them, the exception to the rule above stated arises when, although there is an administrator, he neglects or refuses to prosecute suits for the recovery of his decedent's estate. In such case, the next of kin may sue to recover the property, joining the personal representative as a party defendant."
The eleventh prayer in the bill of complaint for relief reads: "That this court construe the will of Andrew Kirkpatrick and instruct complainant as to his rights * * *." Because of this prayer and relying upon In re Ungaro, 88 N.J. Eq. 25, it is further insisted by the solicitors for the petitioners that where construction of the will is prayed the unpaid legatees are necessary parties to the bill of complaint since without their presence before the court the construction would be a mere academic deliverance so far as they are concerned and would not be binding upon them.
I have examined the bill of complaint in order to determine any matter alleged therein requiring the court to construe the will of the deceased, and I fail to find any such matter. Presently, therefore, the prayer is mere surplusage. However, should it appear during the hearing of this cause that the will of the deceased or any portion thereof requires construction by which the petitioners would be affected they will be afforded the protection provided by Chancery rule 12 which provides that "the court, at any stage of the proceedings, either upon or without application, may order, upon terms, any party improperly joined to be dropped; or any party improperly omitted, or whose presence is necessary to a complete determination of the controversy, to be added."
 The motion is denied and the petition dismissed. *Page 67