On March 7th, 1941, the City of Trenton, possessing a tax sale certificate, filed a bill to foreclose the equity of redemption of those having an interest or estate in the premises described in the certificate. The City presumably acquired the fee by virtue of a final decree made in that cause on September 23d 1941. The City thereafter entertaining the assumption that it had neglected to include as defendants in the foreclosure suit the personal representatives of one Maggie M. Howell who held a mortgage encumbrance upon a portion of the premises embraced by the certificate, instituted the present suit for the sole purpose of foreclosing this subordinate lien. The defendants, as administrators of the estate of the deceased mortgagee filed an answer in this latter cause in which they challenged the validity of the tax assessment and their answer was accompanied by a counter-claim which is essentially a bill to foreclose the mortgage. A motion by the City to strike the answer and counter-claim of the defendants was denied. Trenton v. Howell,132 N.J. Eq. 51; 26 Atl. Rep. 2d 505.
The defendants addressed their counter-claim not only to the interest or estate of the City but also to the title or interest of James H. Morris Company, to which it now appears the City had quit-claimed its title to the premises. The James H. Morris Company, a defendant to the counter-claim, now seeks the allowance of an order striking out this alleged cause of action against it and to sustain this motion it is asserted that Marven L. Howell and Raymond R. Howell and the mortgage encumbrance were not in fact ignored in the prior foreclosure suit. It is now disclosed that the mortgage, the death of the mortgagee and the existence of Marven L. Howell and Raymond R. Howell as the sole next of kin of the deceased mortgagee, are factual allegations embodied in the bill of complaint filed in the former cause, and moreover *Page 127 
the City, as complainant, therein alleged that the lien of the mortgage was subject and subsequent to the lien of the complainant's tax certificate.
To be more explicit, an examination of the bill of complaint in the original foreclosure suit attains a disclosure of these allegations:
"2. On June 10th, 1909, Thomas McKeag and Cora M. McKeag, his wife, gave their bond and mortgage to part of the above described property to Maggie M. Howell, which mortgage, after having been first duly acknowledged, was recorded on June 14th, 1909, in Book 182 of Mortgages, page 292. Said mortgage is in the amount of $1,800 and covers part of Lot No. 43.
"3. On June 12th, 1935, Maggie Howell died intestate in the County of Mercer and State of New Jersey, leaving her surviving as her sole heirs and next of kin, Marven L. Howell and Raymond R. Howell.
"Any interest which the said Marven L. Howell and Raymond R. Howell may have in said premises is subject to the lien of complainant as hereinafter set forth.
"4. On August 29th, 1935, Raymond R. Howell executed a power of attorney, appointing Joseph M. Carson and his successor, his attorney, upon whom all original process in any action against the Estate of Margaret M. Howell may be served.
"Said power of attorney was filed on August 29th, 1935, and entered in Daily Docket No. 4, page 287."
The bill further prayed that "Marven L. Howell and Raymond R. Howell, who are the defendants in this suit" answer and that subpoena issue to them.
The sheriff's return shows that Marven L. Howell was served personally with process and that George T. Atchley, deputy surrogate of Mercer County, was served pursuant to the power of attorney executed by Raymond R. Howell.
It is the insistence of counsel for the Morris Company that the equity of redemption of the administrators and of the estate of the mortgagee was extinguished in the previous suit although the persons who had qualified as administrators of the estate of the mortgagee were described in the bill as next of kin of the mortgagee and not in their representative capacity. They were nevertheless defendants.
It is expedient to first dispose of an incidental contention introduced by the solicitor of the administrators, namely, that the service upon the deputy surrogate was not authorized *Page 128 
by the power of attorney. There is no merit in this point. The authority was undoubtedly the usual power of attorney required by statute of a non-resident administrator. N.J.S.A. 3:13-12.
Service upon the deputy surrogate is proper. N.J.S.A. 3:13-13.Cf. N.J.S.A. 2:7-25.
The imposing question projected by this motion is whether the failure to allege in the previous suit that the said defendants, Marven L. and Raymond R. Howell, were the administrators of the estate of Margaret M. Howell and to pray answer by and process against them in that capacity made the foreclosure ineffectual as against the rights and interests of those defendants as holders of the mortgage. Obviously, the City apprehended that such a possibility existed or it would not have instituted the second foreclosure, in which these persons are made parties defendant in their fiduciary capacity.
It is elementary that the title to the personalty of an intestate vests in his administrators and that such parties are the only persons who can institute actions to recover the same.Child v. Wherry, 122 N.J. Eq. 61; 192 Atl. Rep. 731; Buchanan
v. Buchanan, 75 N.J. Eq. 274; 71 Atl. Rep. 745; Shaver v.Shaver, 1 N.J. Eq. 437. Nor can there be any doubt that a mortgage is personalty and that the personal representative of the deceased is the proper person — and the only person — who can foreclose the same. 24 C.J. 799; Kinna v. Smith, 3 N.J. Eq. 14; 3 Jones on Mortgages (8th ed.) § 1816. It follows as simple logic that the proper defendants to the City's foreclosure were the Howells, as administrators of their mother's (the mortgagee's) estate. But it does not necessarily ensue that the failure of the complainant to state correctly the interest of the defendants will make defective the title acquired by such foreclosure.
The moving party relies on a series of New Jersey adjudications in which it was held that if the defendant "be properly charged in the bill as executor, or devisee, or in any other capacity, it is not a good objection, that the subpoena is issued against him generally." Walton's Exr. v. Herbert, 4 N.J. Eq. 73; Evans v.Evans, 23 N.J. Eq. 71; Ransom v. Geer, 30 N.J. Eq. 249; Plaut
v. Plaut, 44 N.J. Eq. 18; 13 Atl. *Page 129 Rep. 849; White v. Davis, 48 N.J. Eq. 22; 21 Atl. Rep. 187;Matthews v. Hoagland, 48 N.J. Eq. 455; 21 Atl. Rep. 1054; Hatt
v. Rich, 59 N.J. Eq. 492; 45 Atl. Rep. 969; Haberman v.Kaufer, 60 N.J. Eq. 271; 47 Atl. Rep. 48; Vaiden v. Edson,85 N.J. Eq. 184; 95 Atl. Rep. 980. In the bills in those cases the capacities in which the defendants were made parties were clearly characterized. Only in the prayer for process were the complainants careless. Nowhere in the former foreclosure suit with which we are here concerned was there an allegation that the Howells were the administrators of their mother's estate.
There is another column of authorities which establishes the principle that it is no part of the complainant's case to describe correctly the interests held by the defendants and that it is sufficient if he merely alleges that they may claim some interest and that such interest is subordinate to his own. TheWheeler Wilson Manufacturing Co. v. Filer, 52 N.J. Eq. 164;28 Atl. Rep. 13; Kiernan v. Jersey City, 80 N.J. Law 273;78 Atl. Rep. 228; Dunham v. Doremus, 55 N.J. Eq. 511;37 Atl. Rep. 62; 3 Jones on Mortgages (8th ed.) §§ 1872, 1873. The principle is nicely stated in the Wheeler Case, supra (at pp.166-167), of the official report:
"Where a complainant in a foreclosure suit attempts to state why he makes a person claiming a lien upon or interest in the mortgaged premises a party, he may do so either by simply stating that such party claims some interest in or lien upon the mortgaged premises, without attempting to specify it (2 JonesMort. § 1473), or he may specify it according to his information and belief. The former is quite sufficient, for the simple reason that it is no part of the complainant's duty to undertake to set out the defendant's case. The defendant has no right to have complainant describe it, and if he attempts to do it his statement does not bind the defendant, for he may nevertheless, and in many cases must, for his proper protection, set it out again in due form in his answer.
"But while, from the very nature of the case, there is no duty or necessity laid upon the complainant to describe in his bill the defendant's claim, nevertheless the practice of *Page 130 
so doing, which has prevailed so long in this state, is a good one, and tends to save the costs of an answer, and serves to notify the other defendants of the character of all the claims made against the property. It should not be discouraged.
"But this consideration cannot change the real nature of the case, which is that the complainant, when he has stated his mortgage, has stated his case and made out his right to the aid of the court against the mortgaged premises and all persons interested in them, and the nature of the claims made by other parties to the premises is not a part of his case. The mere fact that they have such claims is all that is necessary in order to authorize him to bring them into court. * * *"
Thus it is observed that proceedings in equity are and should be conducted with less regard to mere matters of form and technical objections than proceedings at law. The bill, upon inspection by the defendant, must, of course, exhibit the factual reason why the defendant is made a party to the suit.
In Kirkpatrick v. Corning, 38 N.J. Eq. 234, the Court of Errors and Appeals was concerned with an omission of like character to that in the former foreclosure suit between these parties. In that case the firm of James Horner Co. (composed of James Horner and James Ludlum) had executed and delivered two mortgages to one Corning. James Horner died, thus dissolving the partnership. Ludlum was appointed receiver of the firm. Corning instituted foreclosure proceedings, making parties defendant the devisees under Horner's will and also Ludlum and his wife. The bill did not allege that the mortgages were partnership property, nor did the bill aver that Ludlum was receiver of the firm. Ludlum was not made a party defendant in his capacity as receiver.
Said the court (at p. 248): "These devisees were all made parties, and Ludlum, the then receiver, was also a party, in his individual capacity. Admitting that the latter should have been a party, as receiver, he and the parties whom he represented could not stand by without objecting, and claim to be heard in equity, against the proceeding and decree after *Page 131 
sale of the property. The decree would obviously have been without effect, unless it was to bar the right of the receiver. The devisees and Ludlum had the entire interest, both legal and equitable, and that interest was represented by the receiver. The receiver would not have been permitted to exercise any rights in the property, against their wishes. If they had sold and conveyed the property, the purchaser would have taken the entire title, with the right to apply to the court to discharge all equitable power of the receiver over it. Their silence in the suit was equivalent to a consent that the property should be treated as their property and it would be inequitable, now, to allow them to object."
It is evident that the defendants in the present cause were in fact defendants in the former foreclosure suit. They were therefore apprised of the object of that suit. They knew that they were the administrators of the estate of the deceased mortgagee. They realized that they were her sole next of kin. They were the persons who claimed an interest in or lien upon the lands by virtue of the mortgage. The mortgage was alleged to be subject and subordinate to the lien of the tax certificate held by the complainant and it was so decreed.
By the bill in the first foreclosure suit the present counter-claimants were thoroughly informed that the lien of the mortgage owned by their mother was sought to be extinguished; they were informed that the estate of the mother was involved by the allegation in the bill relative to the power of attorney given by one of the administrators for service of process in any action against the estate; they were apprised by the tickets attached to the subpoenas that they were made parties-defendant because they were holders of the mortgage. These defendants stood by in silence and now seek to impugn the effectiveness of the decree. It would be inequitable at this date to permit them to assert their objection. Cf. Fidelity Realty Co. v. FidelityCorporation of New Jersey, 109 N.J. Eq. 331; 157 Atl. Rep. 154.
The conclusion is that although these defendants were not expressly made parties in their representative capacities as administrators of the estate of the deceased mortgagee, yet the mortgage lien and their rights of redemption both as *Page 132 
fiduciary holders and as the potential owners of the mortgage have been completely foreclosed in the former suit.
The motion to strike the counter-claim is granted.