In the matter of the estate of Susan M. Folwell, deceased.

[Argued March 23d, 1905.   Decided November 20th, 1905.]

The will of a married woman, who, under our statute, has power to dispose of her personal property absolutely, even as against her husband, which devises and bequeaths all her estate, real and personal, to another, subject to the legal rights of her husband, if he survives her, and which appoints another than her husband as executor, does not give to the husband, in the case of his survival, any right to the personalty so bequeathed, as such a right is purely equitable and is not one of his legal rights in his wife's estate.

---

On appeal of Elsie M. Folwell, executrix and residuary legatee, from a decree of the prerogative court. The opinion of Magie, ordinary, is reported in *67 N. J. Eq. 570*.

*Mr. Norman Grey,* for the appellant.

*Mr. John F. Harned,* for the respondent.

The opinion of the court was delivered by

FORT, J.

This is an appeal from the prerogative court, and there is but a single question for decision, namely: Does the last will and testament of Susan M. Folwell bequeath her personal estate to her daughter, Elsie, absolutely?

The following is the will:

"Know all men by these presents, that I, Susan M. Folwell, of Atlantic City, New Jersey, being of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all former wills made by me.

"I direct that all my just debts and funeral expenses be paid as soon as convenient after my decease.

"I give and bequeath to my son, Robert Lincoln Folwell, my white trotting horse, 'Eagle,' with his harness and spindle wagon.

"I give, devise and bequeath unto my daughter, Elsie Maynard Folwell (subject to the legal rights of my husband, Thomas G. Folwell, should he survive me), all the rest, residue and remainder of my estate absolutely.

"I nominate, constitute and appoint my said daughter, Elsie Maynard Folwell, sole executrix of this, my last will and testament.

"In witness whereof, I have hereunto set my hand and seal, this 18th day of March, A. D. 1895.

"SUSAN M. FOLWELL. [SEAL.]"

Thomas G. Folwell, the husband of the testatrix, survived her.

The will was duly probated and letters testamentary thereon granted to Elsie M. Folwell, as executrix, on October 23d, 1902. The grant of these letters stands unrevoked and unappealed from.

All the personal estate passed into the hands of the executrix, and she claims the right to retain it under the residuary clause of the will, except as to that specifically bequeathed to others.

The executrix has never filed an inventory of the estate, and the husband filed a petition in the Atlantic county orphans court for an order to require her to so do. The orphans court made the order and it was affirmed in the prerogative court.

If, under the will of the testatrix, Elsie took absolutely all the personalty not specially bequeathed, she is not required to file an inventory. *P. L. 1898 p. 759 § 120.*

The opinion of the ordinary in this case correctly construes our statute as to the right of a married woman to bequeath her personal property and to deprive her husband by her will of all interest therein, and it is not necessary to further discuss that question. The revised act of March 27th, 1874, is clear upon that point. *2 Gen. Stat. p. 2014 § 9.*

Did the parenthetical clause in the residuary item of the will of Susan M. Folwell defeat the right of Elsie to the personal estate owing to the survival of the husband?

This clause gave the whole of the residue of the estate of the testatrix to her daughter, Elsie, "subject to the legal rights of my husband, Thomas G. Folwell, should he survive me."

What did he take under this clause?

By the plain words of the will he was to get only such rights as were "legal rights."

It is clear that under this will all legal rights in the personalty of the testatrix passed to the executrix. She holds the legal title and the *jus disponendi.*

The executor, once appointed under the will of a wife duly probated, takes the legal title to her personalty, and the husband cannot be appointed administrator except and until after the probate and order appointing the executor have been set aside by appeal. If he be appointed administrator after such probate and appointment the proceeding is void. *Ryno's Executor v. Ryno's Administrator, 27 N. J. Eq. (12 C. E. Gr.) 522.*

An executor is a trustee required to account for funds coming to his hands. He cannot be sued at law for an alleged beneficial interest which may be claimed by one in the estate of his testator. He may be required to account in equity, or in the manner pointed out by the Orphans court act. *P. L. 1898 p. 757 §§ 116, 168.*

A right to an accounting by an executor is an equitable right only.

The party holding the legal title to property only has the right to seek a remedy at law, even though he have no beneficial in-

terest therein. The equitable owner is he who has not the legal estate, but is entitled to the beneficial interest. *2 Bouv. Dict. 24, tit. "Legal Estate."*

The effect of a general probate of the will of a deceased married woman is only to enable the executor to get in all the assets of the wife, whether she have power to dispose of them or not, and it does not affect the beneficial title to them. *1 Wms. Ex. 465.*

Where a wife makes a will giving all her personal estate to her husband, but appoints another than her husband as executor, the executor takes the legal title and the equitable or beneficial estate only is in the husband under the will. When, therefore, a wife declares by her will that it is her purpose to give all of her estate to a named person, "subject only to the legal rights" of her husband therein should he survive her, and where by a statute she has full power to bequeath her personal property absolutely, even as against her husband, as she may by our statute, she, by such a will, cuts off all the equitable or beneficial interest of her husband in her personal estate and leaves to him only such rights in her estate as are purely legal and enforceable by suit at law. All beneficial or equitable interests are cut off by such a will.

A legal right is a claim recognizable and enforceable at law. *Eng. L. Dec. 700; Avery v. Dufrees, 9 Ohio 147.*

"Legal" is defined as according to the principles of law; according to the method required by statute; by means of judicial proceedings; *not equitable. 18 Am. & Eng. Encycl. L. (2d ed.) 807.*

The right of the husband to an accounting by the executrix is purely an equitable one to have the amount due him settled and fixed, and, when it is ascertained, that it be decreed that the fund be paid to him.

In suits affecting funds in the hands of executors the executor only is a necessary party. He represents the legatees under the will. It is unnecessary to join the persons to whom the funds may go. *Sweet v. Parker, 22 N. J. Eq. (7 C. E. Gr.) 456.*

This rule could not exist but for the fact that the executor holds the "legal title" to the personal property coming into his

hands. It may be, as it no doubt is, a naked legal title, but it is the legal title nevertheless. Legatees under the will can only claim as equitable owners, not legal. Their rights are all equitable, and can only be enforced in the manner pointed out by statute or under equitable rules. There is no "legal right" in a legacy under a will.

We think the will of Susan M. Folwell cut off all equitable or beneficial interests or rights which her husband had in her estate, and that he had therefore no equitable interest in the personal estate which entitled him to call upon the executrix for an accounting.

I shall vote for the reversal of the decree of the prerogative court and of the Atlantic county orphans court, and to remit the record, with directions that the petition filed by Thomas G. Folwell in the Atlantic county orphans court for an accounting by the executrix of Susan M. Folwell be dismissed.

SWAYZE, J. (dissenting).

I am not able to agree with the result in this case. The testatrix intended to reserve something for her husband, and therefore made the devise and bequest to her daughter subject to the legal rights of her husband. To hold that this clause related only to his right of curtesy makes it entirely superfluous, for she could not dispose of that, and it was unnecessary for her to say that the gift to the daughter was subject to that right. The construction adopted by this court also ignores the fact that the bequest, as well as the devise, was subject to the legal rights of the husband. In a will using terms of art in a technically correct sense, as this will does, the use of the word "bequeath," in connection with the words "subject to the legal rights of my husband," seems to me of some significance. The construction adopted by the ordinary gives a meaning to all the words of the will; that adopted by this court, I think, fails in this respect.

Again, the opinion defines a legal right as a claim recognizable and enforceable at law. Even if we ignore the right of the husband to his wife's chattels, and look only to his right to

her choses in action on which he must administer in case of intestacy, this right is, I think, a legal right. An action at law can be maintained under our statute for a legacy (*2 Gen. Stat. p. 1928 § 1, tit. "Legacies"*), and for a distributive share (*Orphans Court act, P. L. 1898 p. 778 § 168*). The fact that proceedings may also be taken before other tribunals does not prevent the right from being a legal right within the definition of the opinion.

The words seem to have been used by one familiar with legal terms. At the date of this will two cases had been decided in the court of chancery in which the words were used in connection with wills of married women. In *Vreeland's Executors* v. *Ryno's Executor, 26 N. J. Eq. (11 C. E. Gr.) 160, 162, 163,* they were used by Chancellor Runyon in discussing the power given by the act of 1864 to married women to make wills, and he used them as applying to both real and personal property. And in *Beal's Executor* v. *Storm, 26 N. J. Eq. (11 C. E. Gr.) 372, 378,* he used them in the same sense. I think the draughtsman of this will followed these judicial precedents.

The husband's right is more than a mere right to administer or to call an executor to account; it is a right to sue at law for a legacy in case of a will, or for the personal estate after payment of debts and costs of administration in a case of intestacy where someone else administers.

I think the decree should be affirmed.

Judges Pitney, Vredenburgh and Green concur in this view.

*For affirmance*—PITNEY, SWAYZE, VREDENBURGH, GREEN—4.

*For reversal*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, GARRETSON, BOGERT, VROOM—7.