White v. Davis.

SAMUEL J. WHITE

v

ELWOOD J. DAVIS et al.

1. No persons are parties to a bill in chancery except those against whom process is prayed, or those who are specifically named and described as defendants in the bill.

2. If a person be properly charged in the bill as executor, devisee or assignee, or in any other capacity, it is not a good objection that he is not so styled in the prayer for process of subpœna.

3. A court of equity may presume fraud and declare an assignment, purporting to be for the benefit of creditors, fraudulent from the character and conduct of the assignee appointed by the debtor.

4. But an assignment for the benefit of creditors is usually so beneficent in its operation that it should clearly appear that it will not serve a good purpose, but will merely operate to hinder and delay creditors, before it should be set aside.

5. A judgment creditor of a debtor who has assigned for the benefit of his creditors, although he may not have presented his claim to the assignee, may apply to this court to secure the due execution of the assignee's trust.

6. Where an assignee for the benefit of creditors is the brother of the assignor, and it is his duty to attack the assignor and other of his brothers, and, as well, his nephews and nieces, as fraud-doers, and he has evinced an inclination to favor the assignor to the detriment of the creditors, a suit making such attack may, in this court, be maintained by a creditor, the assignee being a party defendant.

On demurrers to bill.

Mr. R. S. Clymer, for the complainant.

Mr. M. P. Grey, for the demurrants.

THE CHANCELLOR.

The bill alleges that the complainant recovered a judgment against the defendant Elwood J. Davis on the 18th day of November, 1889, upon which execution was issued and returned

White *v.* Davis.

unsatisfied.  The debt for which the judgment was recovered was contracted in July, 1889.  At that time the debtor was seized of four tracts of land which are situated in this state, and was the owner of a livery-stable equipment at Bristol, in the State of Pennsylvania, and also of considerable personal property in this state, which is specified.  On the 17th of September, 1889, he assigned all his property to his brother Charles A. Davis for the benefit of his creditors, pursuant to the directions of the act entitled "An act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors" (*Rev. p. 36*), and its several supplements.  Prior to such assignment, in April, 1889, with intent to defraud, hinder and delay his creditors in the collection of their debts, he mortgaged a portion of his real estate to one Francis M. Pierce, who afterwards assigned the mortgage to the children of the debtor, and, in September, 1889, transferred his livery-stable equipment at Bristol to an employe, one Elijah Crowley, and, later, upon the very day of the assignment for the benefit of his creditors, by instrument antedated, mortgaged other of his personal property to his brother Joseph Davis. Subsequent to the assignment, in October, 1889, the assignee, Charles A. Davis, in pursuance of a fraudulent agreement and contrivance with the debtor and others, at an unfairly conducted sale, sold to one Daniel J. Parker and two persons unknown, who purchased for the benefit of the debtor, all the debtor's personal property, which was worth $8,000, for the price of $5,300.

The prayer of the bill is, that the assignment may be set aside as fraudulent, and that the assignee, Charles A. Davis, may be decreed to hold the proceeds of sale of the personal estate already sold by him in trust for the complainant, and such other creditors of Elwood J. Davis as may come in the suit, and that the mortgages to Joseph Davis and Pierce, respectively, may be decreed to be fraudulent and void, and that the transfer of the livery-stable equipment to Crowley may be set aside, and that the lands of the debtor may be decreed to be subject to the complainant's judgment, and that the complainant may have such further other relief as may be agreeable to equity.

It also prays for process of subpœna against Charles A. Davis without styling him assignee, &c.

The defendants, Elwood J. Davis, Joseph F. Davis, Charles A. Davis and Elijah Crowley, separately demur to the bill upon two grounds—*first*, because Charles A. Davis is not made a defendant in his capacity as assignee; and, *second*, for want of equity.

The theory of the bill is, that the mortgages, the sale to Crowley, and the assignment to Charles A. Davis, are acts in furtherance of the debtor's fraudulent scheme to hinder and delay his creditors.

The *bona fides* of the assignment to Charles A. Davis is attacked as well as the *bona fides* of the other transfers. Charles A. Davis is distinctly charged in the bill as a fraudulent assignee, and in that capacity only is brought into the suit. The bill distinctly designates him as a defendant by praying that he may answer, and that process of subpœna may issue against him for that purpose. By a simple inspection of the bill it can readily be ascertained in what interest and character he is sued. More than this is not required. In *Fawkes* v. *Pratt, 1 P. Wms. 592,* it was said by Lord-Chancellor Parker: "The plaintiff may complain and tell stories of whom he pleases; but they only are defendants against whom process is prayed.;" and it is well settled that no persons are parties as defendants to a bill in chancery except those against whom process is prayed, or who are specifically named and described as defendants in the bill. *Story Eq. Pl.* § *44; 1 Dan. Ch. Pr. 390; Cooper Eq. Pl.* § *16; Elmendorf* v. *Delancey, Hopk. (N. Y.) Ch. 555; Verplanck* v. *Mercantile Ins. Co., 2 Paige 438, 449; Bond* v. *Hendricks, 1 A. K. Marsh. 594; Lyle* v. *Bradford, 7 Monr. 113.* But if a person is specifically named as a defendant, he may be brought into court by process issued against him generally. "It is by inspecting the bill," said the chancellor, in *Walton's Exr.* v. *Herbert, 3 Gr. Ch. 73,* "that the defendant ascertains the nature of the charge against him. The subpœna only gives him notice that there is a bill filed against him, and, if he be properly charged in the bill, as executor or devisee, or in any other capacity, it is

not a good objection that the subpœna is issued against him generally."

In Evans v. Evans, 8 C. E. Gr. 71, 75, Chancellor Zabriskie said : " When a bill in its body sets forth fully facts which give the complainant the rights as executor, or makes the defendant liable as such, so that the court, upon these allegations, can give the relief required, it is mere form, and useless form, to require that either party should be so styled in the commencement or conclusion of the bill."

This rule has further recognition in this court in Ransom v. Greer, 3 Stew. Eq. 249, and in Plaut v. Plaut, 17 Stew. Eq. 18, and is founded in such good sense that it must dispose of the first objection to the bill adversely to the demurrants.

The second ground of demurrer is, that the bill fails to exhibit that the complainant is entitled to relief in equity. It is argued that his design is to set aside fraudulent conveyances of his debtor's property, and that, although he has established his status as a creditor of Elwood J. Davis, by judgment against him, he has not acquired a lien or right in the debtor's property, because, before the judgment was obtained the debtor assigned his property for the benefit of his creditors to Charles A. Davis, and that such assignment carried to the assignee all property which was fraudulently conveyed away by the debtor before the assignment, and also that, as it does not appear that the complainant has presented his claim to the assignee, he has not obtained any right to the property through the assignee as a cestui que trust.

In the first place, in this position, the fact that the complainant attacks the assignment itself as fraudulent appears to be lost sight of. If his attack upon that is successful, his position cannot be questioned. The allegation that it is fraudulent, because the debtor first fraudulently mortgaged and sold his property and then made the assignment, is, in itself, without force, but that allegation, coupled with allegations that the conveyances were made to children and brothers of the debtor and that the assignee also is his brother, is entitled to careful consideration. Such charges, taken together, indicate a scheme, the purpose of which appears to have been to first make fraudulent conveyances to

defeat creditors in the recovery of their claims, and then protect those conveyances from attack by a subsequent general assignment to a near relative who would be likely to co-operate with the debtor in his fraudulent design, by failing to attack the questionable conveyances or by attacking them in an inefficient and perfunctory manner. And the additional charge that the assignee in fact has joined in and executed a corrupt agreement to dispose of property which passed to him under the assignment for the debtor's benefit, strengthens the case presented against it. Such a scheme is not, perhaps, as specifically and distinctly charged in the bill as proper pleading requires, but the facts are so put that it is so apparent that the pleader intended to charge it, that the allegations are not misleading. The demurrers do not make objection to the bill of vagueness or uncertainty, and therefore I treat the matter charged as properly pleaded. *Dorsheimer* v. *Rorback, 10 C. E. Gr. 516 ; Jones* v. *Fayerweather, 1 Dick. Ch. Rep. 252.*

In *Hays* v. *Doane, 3 Stock. 84,* Chancellor Williamson said : "That a court of equity may presume fraud and declare an assignment purporting to be for the benefit of creditors fraudulent from the character of the assignee appointed by the debtor." In *Reed* v. *Emery, 8 Paige 417,* it was held that an assignment by a debtor to an assignee who is known to be insolvent, is *prima facie* evidence of an intent to defraud the creditors of the assignor. In *Cram* v. *Mitchell, 1 Sandf. (N. Y.) Ch. 251,* an assignment by a debtor to three persons who were connected with him by marriage, one of whom was blind and another illiterate and the third a non-resident, at such a distance from his property that he could not attend to the duties of his trust, was set aside at the instance of one who had recovered a judgment against the debtor as being made with intent to defraud creditors.; and in *Currie* v. *Hart, 2 Sandf. (N. Y.) Ch. 353,* an assignment by a failing debtor to his brother, who was so sick that he could not attend to the duties of the assignment, and who would therefore be apt to leave the assigned property in possession of the debtor for a long time, was declared to be fraudulent and void.

The case presented by the bill appears to me to be quite as strong as the cases cited. Here is a man put in a position where his duty calls upon him to attack his brothers, his nephews and his nieces as fraud-doers, and in which he has already entered into, and executed an agreement in favor of his assignor. Not only is it natural that his bias should be against the creditors of his brother, but his action has, in fact, evinced it to be against them.

But I do not mean to say that upon the case stated the assignment should be set aside. An assignment for the benefit of creditors, when justly executed, is usually beneficent in its operation, and it should clearly appear that it will not serve a good purpose and merely operate to hinder and delay creditors, as, for instance, where the debtor's estate is abundantly sufficient to pay all creditors if subjected to their claims by the ordinary legal processes, before it should set it aside. Where such operation is not apparent, the assignment in itself cannot be said to hinder and delay within the meaning of the law. It is the means of distributing the property among the creditors. In such a case, however, the objection that it is designed to delay creditors may arise from the character of the assignee, and then the true remedy is, not to destroy the trust, but to remove the trustee and proceed with the execution of the trust through the instrumentality of a newly-appointed trustee. When an assignment for the benefit of creditors is complete, the assignor is divested of his estate in the property assigned, and the beneficial interest in it becomes the property of the creditor *cestuis que trust*. The proper courts will enforce the execution of the trust, and, if necessary to its due execution, this court will remove the trustee and appoint another in his stead. *Scull* v. *Reeves*, *2 Gr. Ch. 84, 131; Alpaugh* v. *Roberson, 12 C. E. Gr. 96; Pillsbury* v. *Kingon, 6 Stew. Eq. 287, 299; State* v. *Grover, 8 Vr. 174, 176; Pemberton* v. *Klein, 16 Stew. Eq. 98, 105; Lee* v. *Cole, 17 Stew. Eq. 318, 320.*

It is true, the special relief prayed by the complainant does not include the removal of the assignee and the appointment of another in his stead, but such relief is so clearly agreeable to

the case made by the bill that it may properly and safely be afforded under the prayer for general relief. *Story Eq. Pl.* § *40.*

At this point the question arises, whether the complainant is in position to attack the assignee because of his derelictions and unfitness, and to prosecute the suit or suits just referred to. He has established his position as a creditor of the assignor by judgment duly recovered against him. It is true that he has not presented his claim to the assignee so that he may participate in dividends that may be made to creditors from the debtor's estate. But is it necessary that he should do so? If he does not present a claim he will be barred from dividends, but, by the plain provisions of the Assignment act (*Rev.* § *20*), he will nevertheless be entitled to be paid from the surplus of the estate, if any, after the satisfaction of creditors who shall present their claims. This right clearly makes it his interest to see that the estate is administered with wisdom, honesty and economy, in order that there may be something left for him. Of the position of such creditors, Chancellor Williamson, in *Hayes* v. *Doane,* above cited, said: "The assignment was for the benefit of all the creditors of the debtor; and for any fraud committed in the execution of that trust any one or more of the creditors' may have relief by applying to a court of equity. It is true the complainants did not exhibit their claims to the assignee and come in under the assignment; but notwithstanding they did not, yet by the express terms of the eleventh section [now twentieth section] of the act, they are entitled to the surplus, if any, after the debts exhibited and allowed are fully satisfied. This gives them a greater interest in seeing to it that all the debtor's property is fully and honestly appropriated to its legitimate purpose. But independent of the section of the statute referred to, the complainants, as judgment and execution creditors at law, applying for aid in this court to secure the property of their debtor, which is beyond the reach of legal process, have the right to question the disposition of the debtor's property by himself; and much more have they the right to question its disposition by those who have the legal control of it by the debtor's appointment for the benefit of his creditors."

Upon this consideration I have no hesitation in saying that, if the assignee shall not be removed, his relations to the assignor and the other defendants in this suit are such that the complainant should be allowed to prosecute this suit. The assignee is a party, and is therefore before the court to take and administer any proceeds of the litigation that may be committed to him. This conclusion leads me to overrule all the demurrers except that which was filed by Elijah Crowley. The property transferred to Crowley is without this state, and it is not pretended that the complainant can have any lien upon it. He cannot have it under the assignment, because he denies the validity of that instrument, and it is obvious that he cannot have it through a judgment recovered and execution issued out of a court of this state. The demurrer of Crowley will therefore be sustained.