Proceeding to contest probate of will of Carl A. Carlson, deceased, by Eric E. Peterson, Swedish Vice Consul for the state of Oregon and attorney in fact for Hilda Lisa Larson and others, opposed by Fred Carlson and others. From an order and decree of dismissal, contestants appeal.
REVERSED.
On the 18th day of April, 1933, a document purporting to be the last will and testament of Carl A. Carlson was admitted to probate in the circuit court of the state of Oregon for Multnomah county, probate department.
On the 14th day of April, 1934, contestant, being Swedish vice consul for the state of Oregon and attorney *Page 315 
in fact for his nationals, filed a petition representing that certain alleged nieces and a nephew of deceased were and are residents and inhabitants of the Kingdom of Sweden; that an alleged will made on the 18th day of August, 1932, in the Kingdom of Sweden is the last will and testament of deceased; that the document, first above mentioned and admitted to probate as aforesaid, is not the last will and testament of said Carl A. Carlson, and that said deceased never made it, signed it, or published it.
When said petition was filed, Axel M. Green was named in the title of the case merely as Axel M. Green, without any descriptive words disclosing in said title that said Axel M. Green was the executor of the last will and testament of said Carl A. Carlson, deceased.
Paragraph X of said petition is as follows:
"That Axel M. Green is the Superintendent of the Emanuel Hospital and has been appointed Executor of the alleged Will herein probated and should be removed as such Executor and made to account for the funds coming to his hands in this Estate and that the beneficiary under said pretended Will take nothing thereby but that the Will made on the 18th day of August, 1932, in the Kingdom of Sweden is the Last Will and Testament of Carl A. Carlson, deceased, with the probate in this court."
On the 14th day of April, 1934, an order was made directing the issuance and service of citation upon said executor and the other defendants.
On said 14th day of April, 1934, a citation issued, directed to Fred Carlson, Axel M. Green, David Lofgren, Victor Carlson, and Emanuel Hospital and Emanuel Charity Board, an Oregon corporation, commanding them to appear "in Department No. 7 before the Honorable Circuit Court, of the State of Oregon, in and for the County of Multnomah, at the Court House in the *Page 316 
City of Portland, on the 22nd day of May, 1934, at the hour of 2:00 o'clock P.M., of said day, to show cause, if any exist, why the Will of Carl A. Carlson, offered for probate herein and admitted on the 18th day of April, 1933, and at this time contested by Eric E. Peterson, Swedish Vice-Consul for the State of Oregon, and why said Will so presented for probate on the 18th day of April, 1933, and the probate thereof should not be set aside, cancelled and annulled and why the later Will executed in the Kingdom of Sweden by the said deceased, should not be admitted to probate by this Court."
On the 16th day of April, 1934, said petition and citation were served upon said Axel M. Green, in Multnomah county, Oregon.
On the 4th day of May, 1934, the defendants Axel M. Green, David Lofgren, Emanuel Hospital and the Emanuel Charity Board filed a demurrer to said petition upon the following grounds:
 "I
That it appears upon the face of said petition that the court has no jurisdiction of the persons of the said defendants, or of the subject of said proceeding.
 II
That it appears upon the face of said petition that the same does not state facts sufficient to constitute a cause of contest of the will described therein.
 III
That it appears upon the face of said petition that there is a defect of parties defendant, in that the executor of the will admitted to probate on the 18th day of April, 1933, has not been made a party to these proceedings."
On the 10th day of May, 1934, on motion of contestant, by order of the court, the words Axel M. Green *Page 317 
executor of the estate of Carl A. Carlson, deceased, were inserted by interlineation in the title of the cause as set forth in said petition, and a citation to said executor was issued and on said 10th day of May, 1934, said last named citation was served upon said executor.
On May 17, 1934, said Axel M. Green, executor, filed a motion to vacate and set aside the order of May 10, 1934, "permitting contestant to bring in as an additional party Axel M. Green, as executor of the will of said decedent".
On said May 17, 1934, said Axel M. Green, David Lofgren, Emanuel Hospital and the Emanuel Charity Board filed a motion for an order dismissing said proceedings "on the ground and for the reason that the executor of the will of said decedent is a necessary party to said proceeding and that said proceeding was not commenced against him until after the expiration of one year from the date of the entry of the order admitting the will to probate and, therefore, the court is without jurisdiction to entertain said proceedings".
And on said May 17, 1934, said Axel M. Green, executor, filed a demurrer to said petition on two grounds:
"1. That it appears upon the face of said petition that the court has no jurisdiction of the person of the defendant or the subject matter of said proceeding.
That it appears upon the face of said petition that the said proceeding has not been commenced within the time limited by the Oregon Code."
The question is whether Axel M. Green, as executor of said will and estate, was made a party to the proceeding instituted by contestant to contest the probate of said will when said petition therefor was filed. He was mentioned in the title. He was described in the body of the petition.
"The character in which one is made a party to a suit must be determined from the allegations of the *Page 318 
pleading, and not from its title alone. And where there is a wrong description or no description in the title, the error will be deemed merely formal. A substantial description is sufficient. And where the allegations of the complaint indicate with reasonable certainty that a plaintiff sues, or a defendant is sued, in a representative capacity, although there be no express or specific averment thereof, this is sufficient to fix the character of the suit. Where it is doubtful in what capacity a party sues or is sued, reference may be had to the entire complaint to determine the question; and reference may also be had to the pleadings as a whole, or to the entire record." 47 C.J., Subject: Parties, pp. 176 and 177, § 327.
"It is not necessary that a defendant to a bill in equity sought to be charged as a personal representative be described as executor or administrator in the process, or in the commencement or conclusion of the bill, where the bill sets forth facts sufficient to show that he is liable in that capacity. A bill alleging the death of a designated person and that defendant was thereafter appointed and acted as his administratrix sufficiently charges defendant's representative capacity." 24 C.J., Subject: Executors and Administrators, p. 828, § 2078, citing Matthews v.Hoagland, 48 N.J. Eq. 455 (21 A. 1054); Evans v. Evans,23 N.J. Eq. 71; White v. Davis, 48 N.J. Eq. 22 (21 A. 187);Plaut v. Plaut, 44 N.J. Eq. 18 (13 A. 849); Manning v.Drake, 1 Mich. 34; Winsor v. Pettis, 11 R.I. 506.
A similar record to that at bar was considered by the supreme court of California, in the light of a statute providing that upon the filing of the petition for revocation of the probate of a will and within one year after such probate, "a citation must be issued to the executors of the will * * * and to all the legatees and devisees mentioned in the will." etc. We quote from that opinion:
"It is undoubtedly true that when the opening part of the citation is examined — that is, setting forth the names of the parties to whom the citation ran — it is *Page 319 
not directed to Mary A. McEnerney in her capacity as executrix of the will. She is not therein specially designated as such. It is issued against her generally. But while it is essential in a contest of a will after probate that a citation shall issue to the executrix of the will, whether it has been so issued to her in such capacity is not to be determined by an inspection solely of one part of the citation which may contain the names of the parties to it. The entire citation should be looked to, and if, from its whole tenor, it appears that it was issued to her in her capacity as executrix, it is immaterial that she may not be expressly designated as such. The citation is mere process designed to bring the parties named in it into court in the capacities in which they are interested in the contest inaugurated, and if when a citation is read it can leave no doubt but that it was issued against one in his capacity as executor, although not so specially designated, it meets the requirement of the code section, and is a sufficient citation against him in his representative capacity.
Within this rule, when we examine the citation attacked, there can be no reasonable doubt from its entire tenor that it was issued to Mary A. McEnerney in all the capacities in which she was interested in the proceeding for the revocation of the will. It was issued against her generally, as is conceded, and this was sufficient as far as she appeared to be a legatee under the will. It was not necessary to designate her as such. An individual designation was sufficient. As far as her representative capacity as executrix is concerned, it must be conceded that the citation was not addressed to her specifically in that capacity. But it was issued for service upon her. It contained a statement that the petition for the revocation of the will had been filed in which the validity of the will was attacked on various grounds particularly mentioned, and directed that the persons cited, including `Mary A. McEnerney', show cause why `it should not be adjudged that said instrument is void,' and that the order theretofore made admitting said purported will to probate and `appointing said Mary A. McEnerney as executrix thereof should not be set aside and * * * the letters testamentary theretofore *Page 320 
issued to said Mary A. McEnerney be canceled'. Taking into consideration the presence of these particular recitals * * * it is sufficiently certain that the citation was issued to her both in her representative and individual capacities, and called upon her to appear and show cause as well in her representative capacity as executrix as in any other capacity in which she might be interested in defeating the revocation of the will." In reLogan's Estate, 171 Cal. 357 (153 P. 388); see, also, Vaiden etal. v. Edson et al., 85 N.J. Eq. 184 (95 A. 980); Pryor v. Krause (Tex.Civ.App.) 168 S.W. 498; Kopperl v. Sterling (Tex.Civ.App.) 241 S.W. 553.
Applying the foregoing rules, we hold that placing the name, Axel M. Green, in the title as one of the parties defendant, and alleging in the body of the petition that Axel M. Green "has been appointed executor of the alleged will herein probated and should be removed as such executor and made to account for the funds coming to his hands in this estate", together with the entry of the order of April 14, 1934, in terms directing the issuance and service of citation upon said executor, etc., clearly constituted the making of said Green, in his capacity as executor, a party defendant to said contest. Supplementing this by a service upon him of said petition and citation on April 16, 1934, constituted the institution of said contest within one year from the date of said order of probate. The circuit court erred in dismissing said contest.
The case of Myers v. Hogue et al., 45 Ohio App. 330, (187 N.E. 127), is cited by defendants. In that case, the pleading and the evidence disclosed that Nannie F. Myers, the sole legatee under the will, was not made a party defendant in her individual capacity either in the proceeding in error or in the trial court. In that jurisdiction, by virtue of the statute, the sole legatee is a necessary party to an action to contest a will. It was, *Page 321 
therefore, held that making said Nannie F. Myers a party in her capacity as executrix did not comply with the statute.
In the case at bar, as stated, we hold that Axel M. Green was made a party in his capacity as executor. The question whether he was also made a party in his individual capacity is not before us. It is conceded in proponents' brief that said Green "was named as a defendant individually, as a legatee".
McCord v. McCord, 104 Ohio St. 274 (135 N.E. 548), is also cited by defendants. There, the Central Trust Company was the executor and was made a party and served with summons. The statute in that jurisdiction provided that all devisees, legatees and heirs, and other interested persons, including the executor and administrator, must be made parties to the action. The devisees, legatees and heirs were made parties but were not served. It was held that the action had not been commenced as to said devisees, legatees and heirs within the meaning of the statute of limitations. We are not confronted with that question in the instant case. The service of citation within the prescribed period of one year from the date of the order of probate upon Axel M. Green is a matter of record and an admitted fact in the case at bar.
It is not necessary in this case to decide whether section 11-207, Oregon Code 1930, which provides that, when a will has been probated, any person interested may contest the same at any time within one year after such probate, has application to proceedings based upon section 11-216, ibid, which prescribes the procedure when, after administration has been granted or a will has been proven and letters testamentary issued thereon, a later will is found and proven. The authorities in sister jurisdictions on this question are in conflict. *Page 322 
In California, a provision similar to that of said section 11-207 is held to be inapplicable: Moore v. McKevitt, (Estate of Moore) 180 Cal. 570 (182 P. 285); Clarken v. Superior Court,125 Cal.App. 725 (14 P.2d 117).
In Washington and Indiana, the courts have declared a contrary doctrine: State ex rel. Wood v. Superior Court for ChelanCounty, 76 Wn. 27 (135 P. 494); Bartlett v. Manor,146 Ind. 621 (45 N.E. 1060).
The order and decree of dismissal of said proceeding made and rendered by the circuit court is reversed and this matter is remanded for further proceedings not inconsistent herewith.
CAMPBELL, C.J., and BELT and ROSSMAN, JJ., concur. *Page 323