HEIN, *Respondent/Cross-Appellant,*
*v.*
THIEL, *Appellant/Cross-Respondent.*

549 P2d 514

*D. Richard Fischer,* Astoria, argued the cause for appellant/cross-respondent. With him on the briefs were G. C. Fulton, and Anderson, Fulton, Lavis & Van Thiel, Astoria.

*John J. Haugh,* Portland, argued the cause for respondent/cross-appellant. With him on the brief were Dennis H. Elliott, and O'Connell, Goyak & Haugh, P. C., Portland.

Before O'Connell, Chief Justice, and McAllister, Holman, Tongue, Howell, and Bryson, Justices.

TONGUE, J.

**TONGUE, J.**

This is an action to enforce an oral agreement for the division of the assets of a corporation in a proportion different than the respective stockholdings of the parties to that agreement. As a party to that agreement plaintiff seeks to enforce it against defendant, as the personal representative of the estate of the other party to the agreement. Defendant appeals from a judgment based upon an adverse jury verdict.

1. *The sufficiency of the evidence of the oral agreement.*

■ Defendant's primary contention is that the trial court erred in denying her motions for a directed verdict and for a judgment n.o.v. upon the ground that plaintiff failed to prove the alleged oral agreement by competent and satisfactory evidence other than the testimony of the claimant against the estate of a decedent, as required by ORS 115.195.

It would serve no useful purpose, in our opinion, to review in detail the evidence offered by plaintiff to support and corroborate his testimony to the effect that prior to the death of defendant's decedent, it had been orally agreed that upon dissolution of the corporation its assets would be divided by first returning to each party the amount paid for his stock (i.e., $20,000 to decedent and $10,000 to plaintiff) and by then dividing the balance equally between them.

Suffice it to say that we have carefully examined the entire record and find that there was other competent and satisfactory evidence to support that claim. That evidence included the testimony of Mr. Lawrence Dean, attorney for the corporation and also for both Mr. Thiel, the decedent, and Mr. Hein, the plaintiff. Mr. Dean testified that a "complete agreement" to that effect had been made some time prior to the death of decedent, but that its execution had not been completed by a redistribution of the stock in accordance with that agreement. Mr. Dean also testified that

shortly before decedent's death decedent told Mr. Dean again that he and plaintiff had agreed to divide the assets of the corporation on the basis of that previous agreement. Two other witnesses, who were friends of both parties, also testified to conversations with decedent at other times to the same effect.

Defendant offered considerable testimony to the contrary which, if believed by the jury, would have sustained a verdict by it in favor of defendant. This being an action at law, however, we are bound by the verdict of the jury if supported by "competent, satisfactory evidence other than the testimony of the claimant," as required by ORS 115.195.

2. *The sufficiency of the claim against the estate.*

Defendant also contends that the trial court erred in denying her motions for a directed verdict and for a judgment n.o.v. because plaintiff "failed to comply with the estate claim procedures" required by ORS 115.005 and 115.025.[1] More specifically, defendant contends that the letter which plaintiff's attorney wrote to defendant's attorney failed to satisfy the requirements of these statutes in that: (1) it was not "presented to" defendant, the personal representative of decedent's estate, but was written to her attorney; (2) "[n]o reference in the letters was made to the fact that a claim was being made against the estate"; and (3) the letter did not sufficiently describe "the nature of and basis for the plaintiff's demand" and that any oral claim was equally insufficient.

---

[1] ORS 115.005(1) provides:
> "Claims against the estate of a decedent, other than claims of the personal representative as a creditor of the decedent, shall be presented to the personal representative."

ORS 115.025 provides:
> "Each claim presented shall:
> "(1) Be in writing.
> "(2) Describe the nature and the amount thereof, if ascertainable.
> "(3) State the names and addresses of the claimant and, if any, his attorney."

[ 718 ]

■ Defendant also denies plaintiff's contention that any failure to comply with the requirements of these statutes was waived by her failure to file a plea in abatement, contending that because plaintiff's complaint alleged that a claim had been made against the estate and had been denied a plea in abatement "would not lie"; that because of these allegations defendant also could not raise the objection by demurrer, with the result that it could only deny these allegations and then raise these contentions on trial when plaintiff failed to prove that a claim had been made in accordance with the requirements of these statutes, citing *Fay v. McConnell,* 229 Or 128, 366 P2d 327 (1961), and *Houston v. Briggs,* 246 Or 439, 425 P2d 748 (1967).

We disagree with this analysis. ORS 115.035 provides that:

> "A defect of form of a claim timely presented may be waived by the personal representative or by the court."

Defendant does not contend that plaintiff's claim was not "timely presented." It also appears that when the complaint was filed the estate was still open and defendant does not contend that a proper claim could not still have been made at that time if the defects claimed by defendant had been raised at that time.

In *Fay v. McConnell, supra,* defendant contended that plaintiff could not bring an action against an estate until a claim against the estate had been rejected. Defendant had filed a general denial to plaintiff's complaint, as in this case. We held (at 131) that:

> "Facts showing that an action is prematurely brought are not available in bar, but such objection must be raised by a plea or answer in abatement, unless the facts appear on the face of the complaint, when the objection may be raised by demurrer. * * *"

To the same effect, see *Stevens v. Scanlon,* 248 Or 229, 232, 430 P2d 1019 (1967).

*Houston v. Briggs, supra,* also cited by defendant, did not involve a claim against an estate and did not

hold to the contrary, as we read that case, despite defendant's contention that it was held in that case that "since the existence of the condition appeared on the face of the complaint, a plea in abatement did not lie." In this case, although the complaint pleaded that a claim had been made and rejected, it did not appear from the face of the complaint that the claim did not satisfy the requirements of the statutes.

Under these facts, it was incumbent upon defendant to allege these facts by a plea in abatement if she intended to contend that the claim was defective. Having failed to do so and having instead filed a general denial to plaintiff's complaint, it follows that defendant waived any right that she might otherwise have had to contend that plaintiff's claim did not satisfy the requirements of ORS 115.005 and 115.025.

3. *The liability of defendant as personal representative of the estate.*

Finally, defendant contends that the trial court erred in denying her motion to "conform" the judgment to plaintiff's complaint by making it "run against the defendant in her capacity as the Personal Representative of the Estate of H. Ellsworth Thiel," instead of against her as an individual.

In response, plaintiff contends that this motion was correctly denied by the trial court because the caption of the complaint named defendant as an individual and its prayer sought judgment against her as an individual; that the verdict was against defendant as an individual and the judgment, to the same effect, had been previously reviewed by defendant's counsel; that the motion to "conform" the judgment was not made until two months after trial; that because the judgment conformed to the verdict and any objection to the form of the verdict must be made either before the jury is discharged or by a motion for a new trial or is waived; that the trial court had no power subsequently to grant defendant's motion; that in any event, the

trial court did not abuse its discretion in denying that motion as a motion to correct the judgment for "mistake, inadvertence, surprise or excusable neglect"; that plaintiff would suffer prejudice if the motion had been allowed because the estate has been closed; that defendant was not "lulled into believing that the first cause of action was against defendant in her representative capacity and not against her personally"; that the complaint alleged that defendant, as majority stockholder of the corporation, caused its assets to be divided in a manner contrary to the agreement alleged in the complaint; and that defendant has not properly raised the issue of whether she could be held liable in her individual capacity under the proof shown.

Upon examination of the record we find that although the caption of plaintiff's second amended complaint named defendant simply as "Nora S. Thiel," it alleged two causes of action. The first alleged (in Paragraphs I and II) that defendant was the widow and personal representative of the estate of her deceased husband and that plaintiff had made a claim against defendant as personal representative of the estate. It then alleged that the decedent, prior to his death, made an agreement with plaintiff to divide the assets of the corporation, as then alleged, and that after his death the defendant, "as majority stockholder," caused such assets to be divided in a manner contrary to that agreement. A second cause of action realleged all of the same facts (except Paragraphs I and II) and alleged that "For the purpose of this cause of action, defendant Nora S. Thiel, is being sued in her capacity as majority stockholder" in the corporation.[2] The complaint included separate prayers for judgment at the end of each cause of action "for judgment against defendant in the sum of $26,647.97 * * *."

[2]The complaint also contained a third count, which the plaintiff designated as a "cause of action" but which the trial court treated separately as a suit in equity and subsequently denied, asking that the final distribution of corporate assets made at a certain board of directors meeting be declared "null and void." There it was also alleged that Mrs. Thiel was being sued "in her capacity as majority stockholder" in the corporation.

[ 721 ]

The verdict form, as submitted to and signed by the foreman of the jury, was "against the defendant" in that amount. The form of judgment as prepared by plaintiff, approved by defendant, and entered by the court, was also "against the defendant" in that amount. After the denial of other motions, including a motion for judgment notwithstanding the verdict on other grounds, defendant filed a "Supplementary Motion to Require Judgment to Conform with Plaintiff's Complaint" in that "the verdict was against the above-named defendant as the Personal Representative, and the judgment as entered is against the above-named defendant individually." That motion was denied.

Plaintiff's counsel, in opposing defendant's motion, told the trial court that:

> "I intended to sue her personally and I got a judgment against her personally."

During the course of the trial, however, and in argument upon defendant's motion for an involuntary nonsuit and in opposing defendant's contention that plaintiff had not made a sufficient "claim" against decedent's estate (as previously discussed), plaintiff's attorney made the following statement:

> "* * * [T]his objection to the claim I felt was going to be raised all along; and that is why I am a little upset that it wasn't, that they didn't get it into a legal memorandum until the first witness was on the stand; but when I filed the case, I thought they were going to raise this claim, *so the first count is against her person as the personal representative,* which it normally would have been. *Then, I had another count, as majority stockholder,* to protect my client's interest in the event that they raised that by appropriate pleading abatement, and the Court might rule against it; and they didn't raise it, so *the second count, frankly, is not that important, if the Court denies the motion on the first count; * * *."* (Emphasis added)

In discussing the second cause of action further plaintiff's attorney said that:

"* * * [A]s the majority stockholder, if she damaged someone, that she is responsible personally in money damages, and that is what we have asked; * * *."

At the conclusion of that argument the trial court held that the first cause of action would be submitted to the jury, despite defendant's contention that plaintiff had failed to prove that a proper claim had been made against the estate. The trial court then stated that he would "allow the voluntary [sic] non-suit on the second count," despite a statement by plaintiff's attorney that "* * * for the record, then, you [sic] are not stipulating involuntary non-suit; and we would object to it." As a result of that ruling, only the first cause of action as alleged in plaintiff's complaint was submitted to the jury.

In addition, plaintiff's attorney on numerous occasions throughout the trial referred to defendant in her representative capacity and to the fact that a "claim" had been presented to and rejected by her in that capacity.

In this state of the record we hold that defendant and her attorneys were not only "lulled" into the belief that plaintiff's first cause of action was an action against defendant solely in her representative capacity, but that such was indeed the fact. Neither the caption or prayer of a complaint are controlling for the purpose of determining whether it states a cause of action, or the nature of such a cause of action. See *In re Carlson's Estate,* 149 Or 314, 318, 40 P2d 743 (1935); *Rogue River Management Co. v. Shaw,* 243 Or 54, 61, 411 P2d 440 (1966); and *International Health & Life v. Lewis,* 271 Or 35, 530 P2d 517 (1975).

This being true, as we find it to be, it follows that even though both the verdict and the judgment were in the form of a verdict and judgment "against the defendant," they were, as a matter of both fact and law, a

[ 723 ]

verdict and judgment against defendant in her capacity as the personal representative of the estate of the decedent, rather than as an individual. Even aside from the provisions of ORS 18.160, authorizing the courts to correct judgments entered as the result of "mistake, inadvertence, surprise or excusable neglect," it has been recognized that the courts of Oregon have inherent power to correct a mistake in a judgment within a reasonable time after its entry. *Morphet v. Morphet,* 263 Or 311, 317, 502 P2d 255 (1972), and *Bailey v. Steele,* 263 Or 399, 403, 502 P2d 586 (1972). We hold that this is an appropriate case for the exercise of that power and that the trial court erred in failing to do so. "It is elementary law that the relief granted [by a judgment or decree] must be responsive to and in conformity with the pleadings and proof." *Bingham et ux v. Webber and Linn et ux,* 197 Or 501, 511, 254 P2d 219 (1953).

■ As for plaintiff's claim of prejudice because of the fact that the estate has been closed since the filing of this suit, we would again point out that plaintiff's attorney, even at the time of trial, expressly stated that the first cause of action of plaintiff's complaint was an action against defendant in her capacity as personal representative of decedent's estate. Plaintiff's second cause of action, which (according to statements by plaintiff's attorney) was an action against defendant as an individual because of her conduct as majority stockholder of the corporation following decedent's death, was dismissed and was not the basis for the verdict or judgment. There is no contention that the estate was closed for improper reasons or motives and the trial court expressly found to the contrary. Furthermore, procedures are provided by ORS 116.233 for the reopening of decedents' estates and no showing was made by plaintiff that such procedures would be unavailable or inadequate, so as to result in prejudice.

For these reasons, this case is remanded to the trial court for entry of an amended judgment against defendant in her capacity as the personal representative of

the estate of H. Ellsworth Thiel, deceased. The amended judgment will thus conform to the allegations of the first cause of action of plaintiff's complaint, which was an action against defendant in that capacity, as expressly stated by plaintiff's attorney during the trial of this case. In all other respects the judgment of the trial court is affirmed.

Affirmed as modified.