Argued and submitted June 16, 1993, reversed and remanded March 30, petition for review denied May 24, 1994 (319 Or 149)

Violet R. JOHNSON,
*Appellant,*

*v.*

Robert P. MANDERS,
Personal Representative of
the Estate of Kacie Noel Louaillier,
*Respondent,*

*and*

Robert P. MANDERS,
Personal Representative of
the Estate of Kristin Michele Louaillier,
*Defendant.*

(16-91-10345; CA A76157)

872 P2d 420

Kathryn H. Clarke argued the cause for appellant. With her on the briefs were Dwight G. Purdy, G. David Jewett and Thorp, Dennett, Purdy, Golden & Jewett, P.C.

William G. Wheatley argued the cause for respondent. With him on the brief were Lloyd W. Helikson and Jaqua & Wheatley, P.C.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---

## DEITS, P. J.

Plaintiff was injured in an automobile accident. The driver of the other vehicle, Kacie Louaillier, was killed in the accident, and plaintiff brought an action naming her estate as the defendant.[1] In the body of the complaint, plaintiff alleged the decedent's death and Robert Manders' status as personal representative of the estate. The prayer of the pleading also sought judgment against Manders as personal representative, and he was personally served with the summons directed to him in his capacity as the personal representative. However, the estate alone was designated as the defendant in the caption of the complaint, and the personal representative was not.

Manders moved to dismiss on the ground, *inter alia*, that he, as personal representative, rather than the estate, was the proper party, and because he was not named in the caption, the court lacked personal jurisdiction over the named defendant. The trial court allowed the motion. Plaintiff then filed an amended complaint, in which Manders, as personal representative, was named as the defendant in the caption, and the allegations in the body of the pleading were substantially unchanged. The amended complaint was filed after the statute of limitations had run. Manders moved to dismiss the action on the ground that it was time-barred, and the motion was allowed.

■      Plaintiff appeals. She argues in her first assignment that the court erred by concluding that the original complaint should be dismissed for lack of personal jurisdiction, and in concluding that the complaint failed to name the personal representative as a party. Plaintiff contends that the allegations in the body of the complaint, rather than the caption alone, must be considered in answering that question.

Plaintiff relies on *Hein v. Thiel*, 274 Or 715, 549 P2d 514 (1976), and *In re Carlson's Estate*, 149 Or 314, 40 P2d 743 (1935), for the proposition that the caption of a complaint is not dispositive of the capacity in which a defendant is sued, and that the allegations in the body, among other things, may be looked to in order to determine whether the defendant is

---

[1] No issues are presented on appeal concerning plaintiff's action against the personal representative of the estate of Kristin Louaillier.

being sued as an individual or as the personal representative of an estate. Manders argues that those cases hold that the *capacity* in which the named defendant is sued can be ascertained from sources other than the caption, but that they cannot supply personal jurisdiction when the proper defendant is not designated in the caption at all.

We agree with plaintiff's reading of the pertinent case law. It is true that the *persons* who were the defendants in *Hein* and *Carlson* were identified in the captions of the complaints. The defect in the caption in those cases was that the capacity in which the person was being sued was not included. In *Hein,* for example, the defendant's name appeared in the caption without any indication of her representative capacity, but in the body of the complaint she was identified as a personal representative. At trial, a judgment was entered against the defendant individually. The Supreme Court reversed, concluding that the cause of action was against the defendant solely in her capacity as personal representative. The court explained:

> "Neither the caption or the prayer of a complaint are controlling for the purpose of determining whether it states a cause of action, or the nature of such a cause of action." 274 Or at 723.

■ Manders contends that the rationale of *Hein* is not applicable here because, there, the caption named the right *person,* and the court therefore had personal jurisdiction regardless of whether the person was sued in the right *capacity*. We disagree. The capacity in which the defendants were sued in *Hein* and *Carlson,* as well as their names, was germane to whether they were the proper parties for purposes of any remedy affecting the estate.[2] A personal representative is a *distinct legal entity* from the individual who performs that role and, as such, the personal representative and not the individual is the appropriate party in actions on behalf of and against the interests of a decedent or an estate. *See* ORS 114.255 to ORS 114.435; ORS chapter 115. We believe that the rationale of *Hein* and *Carlson* is very much on

---

[2] As the court noted in *Carlson,* it is of course correct that a person can be sued under appropriate circumstances as both an individual and a personal representative. However, that is not an issue here.

point. The question in those cases was whether the appropriate entity had been identified as the defendant by the allegations and other sources, although not designated in the caption. We conclude that the logic of those cases is applicable under the circumstances of this case, and that that is also the appropriate question here.

The parties also disagree about whether ORCP 12A (pleadings shall be liberally construed) and ORCP 12B (defects in pleadings shall be disregarded if they do not affect substantial rights of adverse parties) are applicable here. Manders contends that the application of ORCP 12 under these circumstances would affect his substantial rights, because an "unnamed person, by definition, would have his or her substantial rights affected if he or she were simply treated as a defendant in a lawsuit without being named as a defendant." He also contends that the use of ORCP 12 to impose party status on him would make ORCP 16A a nullity, insofar as it specifies that the names of all parties are to be included in the caption.

■　We believe that ORCP 12A and 12B support our conclusion. We do not find Manders' contention that "it is clearly and obviously prejudicial to a person who is not named as a defendant, to be treated as if he were a defendant" to be persuasive. The question here is whether Manders, as personal representative, *has* been identified as the proper party by the pleading, and whether matters outside the caption may be considered in arriving at the answer to that question. If it is proper to look beyond the caption to interpret the pleading and to determine whether the allegations identify Manders as the proper defendant, he is not prejudiced by the defective caption, standing in isolation. Stated differently, one is not prejudiced by the fact of being a defendant if the complaint makes him one, and if the complaint as a whole may be considered in determining that. *Hein v. Thiel, supra*, and *In re Carlson's Estate, supra*, hold that the complaint, as a whole, may be considered and the rule of those cases is consistent with and bolstered by ORCP 12A and 12B.

We are also unpersuaded by Manders' contention regarding ORCP 16A. Against the background of the authority we have discussed and in the absence of any authority supporting Manders' suggestion that plaintiff's failure to

follow that rule is a jurisdictional defect, we decline to hold that it is.

We conclude that, reading the original complaint as a whole, it alleges enough to identify the personal representative as the defendant. *See In re Carlson's Estate, supra,* 149 Or at 318. We, therefore, agree with plaintiff's first assignment of error. Her second assignment, in which she contends that the court erred in holding that the service on Manders was inadequate, turns on the same issues as does the first assignment. Consequently, we also conclude that the court erred in that respect.

■　　In her third assignment, plaintiff contends that the court erred by dismissing the amended complaint as time-barred. Assuming *arguendo* that it is necessary to decide in this appeal whether the dismissal of the current as well as the earlier complaint was erroneous, *but see* ORS 19.140; ORCP 25A; *Propp v. Long,* 313 Or 218, 831 P2d 685 (1992), we hold that the trial court did err by dismissing the amended pleading.

The parties agree that the first complaint was filed within the limitation period and that the amended pleading was filed after the period had run. Plaintiff argues, however, that the amended complaint relates back to the original one pursuant to ORCP 23C, and was therefore timely. All of Manders' contrary arguments presuppose that the amended complaint changed the defendant to the action. He is incorrect. We have concluded under the first assignment that Manders as personal representative was identified as the defendant by the original complaint, as he also is by the amended complaint. The test for relationship back is therefore the one established by ORCP 23C for amended pleadings that do not change "the party against whom a claim is asserted," *i.e.,* whether the claim "asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth * * * in the original pleading." The amended complaint passes that test. It relates back, and the trial court erred by dismissing it.

Reversed and remanded.